345 So.2d 29 (1977)
STATE of Louisiana
v.
Michael O'Shea COOK.
No. 58806.
Supreme Court of Louisiana.
April 11, 1977.
Rehearing Denied May 13, 1977.
*30 Tommy J. Adkins, Ruston, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., O. L. Waltman, Jr., E. J. Bleich, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Michael O'Shea Cook, was indicted by the grand jury for the Parish of Lincoln for having committed second degree murder in violation of La.R.S. 14:30.1. After trial by jury, defendant was found guilty as charged. He was subsequently sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for a period of forty years, with credit given toward service of his sentence for time spent in actual custody prior to imposition of sentence.[1] On appeal, defendant relies on two assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in overruling his motion to quash the indictment on the ground that it did not charge an offense punishable under a valid statute. He argues that the second degree murder statute, La.R.S. 14:30.1, suffers from the same infirmities ascribed to our former first degree murder statute in Roberts *31 v. State, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) inasmuch as it provides a mandatory penalty; the jury is precluded from considering mitigating circumstances; there is no review of sentencing; and the jury is instructed on and considers responsive verdicts whether or not they are supported by the evidence. For these reasons, defendant contends that the mandatory penalty provision embodied in La.R.S. 14:30.1 renders the statute an unconstitutional violation of his due process rights guaranteed by the state and federal constitutions. We do not agree.
In Roberts v. State, supra, the United States Supreme Court, without disturbing Roberts' conviction, ruled unconstitutional the mandatory death penalty provision of Louisiana's first degree murder statute. However, in a companion case to Roberts, Woodson v. North Carolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), the Court made it clear that its rulings with respect to mandatory death penalty statutes rested squarely on the predicate that the death penalty is qualitatively different from a sentence of imprisonment, however long, thereby requiring a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case. With respect to statutes not requiring capital punishment, the Court indicated that mandatory sentencing provisions are not constitutionally prohibited. We find no merit in defendant's contention that the mandatory penalty prescribed by La.R.S. 14:30.1 violates the federal constitution. Nor are we persuaded that defendant's due process rights under our state constitution have been infringed. Furthermore, we note that this court has specifically upheld the penalty mandated in our second degree murder statute as not constituting cruel and unusual punishment. State v. Anderson, 315 So.2d 266 (La.1975). We have also rejected attacks on our responsive verdict system as permitting a jury to return a verdict of guilty of a lesser included offense not supported by the evidence. State v. Peterson, 290 So.2d 307 (La.1974); State v. Cooley, 260 La. 768, 257 So.2d 400 (1972).
For the foregoing reasons, we find no error in the ruling of the trial judge denying defendant's motion to quash the indictment. Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in overruling his motion to suppress certain physical evidence seized in a warrantless search of his residence conducted with his mother's consent. Defendant alleges that his mother's consent to the search was not freely and voluntarily given, thereby rendering the search illegal and the evidence seized pursuant thereto inadmissible at trial.
The testimony adduced at the suppression hearing indicates that defendant's mother, Mrs. E. C. Cook, rented a small three-room house and that defendant resided there with her. Mrs. Cook, a fifty-seven year old domestic employee with a fourth grade education, paid the entire rent as well as other expenses connected with the residence and had general access and control of the entire dwelling. At approximately 6:30 p. m. on March 22, 1976, two Ruston city police officers knocked on the door of the house. Officers Stanley Neal and Roland Kay testified that, after being admitted by Mrs. Cook, they asked if they could search the house, whereupon Mrs. Cook, who was alone at the time, responded in the affirmative indicating that she wanted to "do the right thing." Mrs. Cook was then presented with a standard "Permission to Search" form which she signed, acknowledging her consent to the search. Officers Neal and Kay explained that the signature on the form appears upside down because Mrs. Cook, who was seated across from them, signed the document before they had an opportunity to turn it around. Both officers clearly maintained that Mrs. Cook was apprised of the contents of the consent form before she signed it and that no threats or coercion were employed to influence her to consent to the search. With the assistance of two other officers who had subsequently arrived *32 at the scene, Officers Neal and Kay then thoroughly searched the house and seized a machete knife, a bank bag and several articles of clothing. According to the officers, Mrs. Cook not only consented to the search but cooperated by helping them locate her son's clothing and pointing out the machete. The testimony of defendant's mother, Mrs. Cook, conforms to that of the police officers in most respects. She admitted telling the officers that they could search, signing the consent form and helping them find certain articles. She confirmed, moreover, that she had free access to her son's room which formed a passageway between the front and back of the house. Although she denied being instructed as to the contents of the consent form and claimed that she was unable to read it, Mrs. Cook apparently understood the import of the document. She testified that the officers "asked me could I sign this to search the house and I did." In response to questioning by the trial judge, Mrs. Cook indicated that she understood what a search was and that her home was searched with her consent. Defendant nevertheless contends that subtle tactics were used by the officers to induce the consent in the instant case. Defendant's mother and a step-brother (who arrived shortly after the police) claimed that they were told by the officers that assistant district attorney Joe Bleich, the son of Mrs. Cook's employer, would advise her to cooperate if he were consulted. This allegation, however, was steadfastly denied by the officers. Moreover, the assistant district attorney himself testified that he had no knowledge of the search whatsoever until well after it had been conducted.
It is well settled under the fourth amendment that a search conducted without a warrant issued upon probable cause is per se unreasonable subject only to a few specifically established and well-delineated exceptions. One of these well-recognized exceptions is a search that is conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Morris, 340 So.2d 195 (La.1976). It is likewise established that lawfull consent for a search may be given by a third party who possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); State v. Jenkins, 340 So.2d 157 (La.1976); State v. Bartley, 329 So.2d 431 (La.1976); State v. Wyatt, 327 So.2d 401 (La.1976). We have specifically recognized the application of this principle to searches made with the consent of parents having uncontrolled access to the belongings of children residing with them. State v. Morris, supra; State v. Johnson, 319 So.2d 786 (La.1975). The question of whether consent to a search was voluntary is a question of fact to be determined from the totality of the circumstances. Schneckloth v. Bustamonte, supra; State v. Bartley, supra; State v. O'Conner, 320 So.2d 188 (La.1975). The trial judge's determination in this regard is entitled to great weight on appeal. State v. Bartley, supra.
The record in the instant case clearly supports the finding of the trial judge that defendant's mother, Mrs. E. C. Cook, had uncontrolled access to her son's belongings and that she voluntarily consented to the search of the residence. Accordingly, the search in the instant case was lawfully conducted and the evidence seized pursuant thereto was admissible against defendant at trial on the merits. The trial judge did not abuse his discretion in overruling defendant's motion to suppress. Assignment of Error No. 2 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Mack Charles Gay was jointly indicted with defendant for second degree murder. Gay pleaded guilty and received the same sentence imposed on defendant Cook. The record indicates that Gay waived his right to an appeal after being duly advised of his right to appellate review of his conviction and sentence.