350 So.2d 1174 (1977)
STATE of Louisiana
v.
Donald G. BROOKS.
No. 59442.
Supreme Court of Louisiana.
October 10, 1977.
*1175 Truly W. McDaniel, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., B. Woodrow Nesbitt, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The grand jury indicted the defendant, Donald G. Brooks, with the second degree murder and armed robbery of Rosario Brocato, violations of LSA-R.S. 14:30.1 and 14:64. A unanimous jury found him guilty as charged. The court sentenced him to life imprisonment without benefit of parole, probation or suspension of sentence for forty years on the second degree murder conviction and ten years at hard labor on the armed robbery conviction, running consecutively.
The defendant appeals. He relies on three assignments of error for reversal of his convictions and sentences.
We adduce the following context facts:
Rosario Brocato, the seventy-eight year old victim, was a street produce vendor. While he was making his rounds one morning, the defendant and an accomplice grabbed Mr. Brocato by the arms. When he struggled, they shot him in the face. After he fell to the ground, the defendant emptied his pockets and stole his money. Later that evening, Mr. Brocato died.

ASSIGNMENT OF ERROR NO. 1
The defense contends that the court erroneously denied his motion to quash in which he attacked the constitutionality of our second degree murder statute, LSA-R.S. 14:30.1. He argues that the mandatory imposition of a life sentence precludes consideration of all particular and mitigating factors, and, therefore, violates Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), and his state constitutional guarantee against cruel and unusual punishment, Louisiana Constitution Article 1, § 20 (1974).[1]
*1176 In State v. Cook, La., 345 So.2d 29 (1977), this Court rejected the identical argument. Therein we stated:
"In Roberts v. State, supra, the United States Supreme Court, without disturbing Roberts' conviction, ruled unconstitutional the mandatory death penalty provision of Louisiana's first degree murder statute. However, in a companion case to Roberts, Woodson v. North Carolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), the Court made it clear that its rulings with respect to mandatory death penalty statutes rested squarely on the predicate that the death penalty is qualitatively different from a sentence of imprisonment, however long, thereby requiring a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case. With respect to statutes not requiring capital punishment, the Court indicated that mandatory sentencing provisions are not constitutionally prohibited. We find no merit in defendant's contention that the mandatory penalty prescribed by La.R.S. 14:30.1 violates the federal constitution. Nor are we persuaded that defendant's due process rights under our state constitution have been infringed. Furthermore, we note that this court has specifically upheld the penalty mandated in our second degree murder statute as not constituting cruel and unusual punishment. State v. Anderson, 315 So.2d 266 (La.1975)."
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
The defense filed a motion to suppress identifications made of himself and of a shirt he wore during the commission of the crimes which the trial judge denied. He advances two arguments to support his contention that the ruling was improper.[2]
Initially, he alleges that the photographic lineup was impermissibly suggestive in that ". . . every other member of the photographic lineup [had] extensive growths of facial hair on various parts of the face." Whereas, the defendant ". . . was the only one in the group that appeared [with] a youthful, clean-shaven face."
In reviewing an identification procedure, we must determine whether such procedure was so unnecessarily suggestive and conducive to an irreparable mistaken identification that the defendant was denied due process of law. State v. Williams, La., 341 So.2d 370 (1976); State v. Hargrove, La., 330 So.2d 895 (1976). A trial judge's determination on the admissibility of a photographic identification is given great weight and will not be disturbed unless a preponderance of the evidence clearly so mandates. State v. Griffin, La., 336 So.2d 791 (1976); State v. Chaney, La., 273 So.2d 259 (1973).
The detectives selected six photographs of subjects fitting the general description of the defendant. (One was of the defendant's accomplice. However, he was not identified.) They presented these six along with a photograph of the defendant to two eye-witnesses. Although one witness made an immediate and positive identification of the defendant, the other was unable to identify him.
The seven photographs depict the following: the defendant wore a slight moustache (P.E. S-1D); one subject had a slender moustache (P.E. S-1A); another had no facial hair (P.E. S-1B); another had sparce sideburns (P.E. S-1C); another had a moustache, sideburns, and a goatee (P.E. S-1E); and the remaining two were not recently shaven and had distinctive moustaches (P.E. S-1, S-1F).
The trial judge found this collection of photographs to be a "fair cross-section" and "decently represented."
We agree with the trial judge. This compilation contained photographs of men similar *1177 in appearance: they were of the same race, height, and possessed similar physical characteristics. Our inspection discloses no hint of suggestion, much less impermissive suggestion, resulting from the subjects' facial hair. We hold that the trial judge properly denied the motion to suppress the identification of the defendant.
Further, the motion to suppress attacks Richard Lemons, an eyewitness's, identification of the shirt the defendant wore during the commission of the offenses. He argues that the identification of the shirt was essentially a suggestive one-on-one shirt identification, and therefore, the officers should have conducted a lineup of similar shirts.
Our law is well settled as to the type of identification needed for the admission of demonstrative evidence:
"To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence." State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
See State v. Forbes, La., 348 So.2d 983 (1977); State v. Collins, La., 328 So.2d 674 (1976).
Immediately after the crime, Mr. Lemons described one perpetrator as wearing a blue, long-sleeved shirt with white flowers. When the defendant was arrested he wore a shirt fitting that description. The officers obtained a search warrant and seized the shirt from the defendant's person. An officer then placed it in a plastic bag and took it to Mr. Lemons. Mr. Lemons identified it as either the shirt worn by the offender or one similar to it. At trial, he again identified it as resembling the one the perpetrator wore. He testified that he could not conclusively identify it as the exact one worn since many of those shirts were manufactured.
We conclude that, under the well-settled Louisiana law relating to the identification of demonstrative evidence, the shirt was properly identified. Thus, the trial court correctly denied the motion to suppress the shirt.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defense complains of the trial court's refusal to give his special requested jury charges. He requested instructions stating that a participant in crime cannot form the criminal intent necessary for conviction if he acts under threats, duress, or coercion.
A trial judge may refuse to give a special requested charge ". . . if it is included in the general charge or in another special charge to be given." LSA-C.Cr.P. Art. 807.
As requested by the State, the court's instructions included a reading of LSA-R.S. 14:18(6), which provides:
"The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
"* * *
"(6) When any crime, except murder, is committed through the compulsion of threats by another of death or great bodily harm, and the offender reasonably believes the person making the threats is present and would immediately carry out the threats if the crime were not committed;"
The trial judge also read our statutes defining specific and general criminal intent. See LSA-R.S. 14:10.
A review of the instructions given satisfies us that the defense's proposed jury charges were included in those given. Therefore, the court properly denied the defendant's requests for special instructions.
This assignment of error is without merit.
*1178 For the reasons assigned, the convictions and sentences are affirmed.
NOTES
[1] The defendant failed to brief or argue the other ground asserted in the motion. Hence, we consider it abandoned. State v. Taylor, La., 347 So.2d 172 (1977).
[2] Another ground urged in the motion, having been neither briefed nor argued, is considered abandoned. State v. Taylor, La., 347 So.2d 172 (1977).