CRAIN, Judge.
This is an appeal from a judgment of the trial court which ordered that Billy Ray Milby (appellee) be deemed eligible for consideration for parole.
FACTS
On December 12, 1975, appellee committed the crime of second degree murder in violation of La.R.S. 14:30.1. On June 24, 1976, he was found guilty as charged. On July 30, 1976, appellee was sentenced to life in prison without parole, probation or suspension of sentence for a period of forty years, in accord with the statute in effect at that time.
By letter dated April 27, 1981, the Board of Pardons recommended that the Governor, David Treen, commute appellee’s sentence to twenty-one years. There was no recommendation as to whether appellee was eligible for parole consideration.
On April 8, 1982, the Governor commuted appellee’s sentence to twenty-one years. The commutation order was silent as to whether appellee was eligible for parole.
On December 25, 1983, appellee filed suit to have the parole board ordered to consider him for parole eligibility having served one-third of the commuted twenty-one year sentence.
The Department of Corrections (D.O.C.), on behalf of the defendants, filed a motion for summary judgment contesting as a matter of law appellee’s right to parole consideration. According to the judgment ultimately rendered, the whole matter was presented to the court by consent on the briefs filed.[1] Judgment was rendered ordering the parole board to consider the plaintiff eligible for parole consideration.
ISSUES
Defendants appeal arguing that the Governor lacks authority to commute to parole eligibility because that recommendation was not made by the pardon board.[2] We decline to consider that issue since we find the Governor tracked the language of the pardon board in his commutation. Consequently, no conflict exists between the pardon board recommendation and the Governor’s commutation. The issue to be resolved is the effect of the Governor’s commutation as recommended by the pardon board. The resolution of this issue depends first on what the commutation order purports to accomplish, and if the commutation order entails parole eligibility, the power of the Governor to accomplish this given the sentence imposed.
THE COMMUTATION ORDER
The pardon board’s recommendation was that the Governor “grant, applicant a commutation of sentence to twenty-one (21) years.” In the commutation order the Governor declared that,
*1002 And, whereas, upon the recommendation of the Honorable Board of Pardons, I have thought proper to grant a commutation of sentence to twenty-one (21) years. Now, Therefore, I, David C. Treen, Governor of the State of Louisiana, by virtue of the powers vested in me by the Constitution, do hereby grant a commutation of sentence to twenty-one (21) years.
The clear language of the commutation order commutes the sentence to 21 years. There is no attempt to qualify the commutation by denying parole benefits for the 21 year commuted sentence. Absent such qualification we hold the commutation restores benefits if there is authority to do so.
The fact that the statute requires that forty years of the sentence be imposed without benefits does not affect interpretation of the commutation language. The Louisiana Supreme Court has held that even where it is mandatory that a sentence be imposed without benefits, failure to do so by the trial judge, without subsequent correction, results in a sentence with benefits. State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984). We see no reason why a different construction should be given a commutation. In fact, the reasons for construing the commutation to grant benefits when it does not specifically deny them are even more compelling than with a sentence imposed by a trial judge. As will be discussed further in this opinion, the commutation which allows benefits, even though those benefits have to be denied in sentencing, is legal. The sentence which does not deny benefits as required by statute, is illegal. If either should be construed to deny benefits it should be the sentence rather than the commutation. Consequently, where a commuted sentence does not specifically deny benefits, we hold that the commuted sentence is with benefits of parole and probation.
POWER TO COMMUTE WITH BENEFITS A SENTENCE IMPOSED WITHOUT BENEFITS.
Appellant argues that it is not within the Governor’s power to restore benefits in a commutation where those benefits are prohibited by the Legislature in the sentence.
Subject to certain constitutional restraints as to the appropriateness of a sentence, the legislature has the right to set mandatory terms of imprisonment. State v. Brooks, 350 So.2d 1174 (La.1977). However,
Article II, § 1 of the 1974 Louisiana Constitution divides the powers of government into three separate branches: legislative, executive and judicial. Article II, § 2 provides that no one of these branches may exercise power belonging to either of the others.
State v. Rodriguez, 379 So.2d 1084, 1085 (La.1980). The executive (Governor) has the constitutional authority to “grant reprieves ... commute sentences, pardon ... and remit fines and forfeitures.” La. Const. art. IV, § 5(E)(1). In dealing with the same powers under the 1921 constitution the Louisiana Supreme Court stated,
The statute prohibits ‘parole’, ‘probation’, or ‘suspension of sentence’, whereas the constitution empowers the governor to grant ‘reprieves’, ‘pardons’ or to ‘commute sentences’. It is argued that, despite the shades of difference in meaning between these terms, they essentially mean the same thing.
However, the respective terms nevertheless have distinct and separate meanings. When the legislature prohibited ‘parole’, ‘probation’ or ‘suspension of sentence,’ it did not intend, and it did not in fact seek, to infringe upon the Governor’s power to grant ‘reprieves’ and ‘pardons’ or to ‘commute sentences’.
State v. Babin, 319 So.2d 367, 369 (La. 1975).
Thus, the legislature may set mandatory sentences. It may require the sentencing judge to impose mandatory sentences within constitutional constraints. But, it cannot infringe on the executive power to commute sentences by requiring *1003 the Governor to commute with those restrictions.[3]
DECREE
We hold that the Governor has commuted the sentence of plaintiff to 21 years, and that he now meets the requirements of La.R.S. 15:574.4(A).[4] We therefore order that the Department of Corrections proceed in accordance with that statute.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Appellant now argues that the motion for summary judgment should have been tried and, if denied, the matter tried on the merits. We accept the statement in the judgment of the trial court that the matter was submitted on the merits by briefs.

. La. Const., art. IV, § 5(E)(1) provides in pertinent part as follows: "the governor ... upon recommendation of the Board of Pardons, may commute sentences”.

. This does not mean the Governor cannot commute with those restrictions.

. La.R.S. 15:574.4(A) provides in pertinent part as follows: "A person, otherwise eligible for parole, convicted of a first felony offense and committed to the Department of Corrections shall be eligible for parole consideration upon serving one-third of the sentence imposed".