694 So.2d 556 (1997)
STATE of Louisiana, Appellee,
v.
Frank BRYANT, Appellant.
No. 29344-KA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1997.
*558 Joseph M. Clark, Sr., Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Howard M. Fish, Catherine M. Estonpinal, Asst. District Attorneys, for Appellee.
Before HIGHTOWER, BROWN and PEATROSS, JJ.
PEATROSS, Judge.
A jury found the defendant Frank J. Bryant guilty of Second Degree Murder, a violation of LSA-R.S. 14:30.1. The trial court imposed the mandatory sentence of life imprisonment. Bryant appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
On June 3, 1994, the victim, Daphney Taylor, began proceedings in Shreveport City Court for the issuance of a peace bond against the defendant, a former boyfriend. On June 6, 1994, the defendant was personally served with notice of the peace bond hearing which was set for June 13, 1994. The next day, June 7, 1994, police were called to the home of Felicia Alexander, the victim's stepsister, on DeSoto Street in Shreveport, Louisiana. Witnesses told police that several people, including Daphney Taylor, were sitting in the living room when the defendant entered the house carrying a gun. The defendant said "Hello," then fired a shot from the gun. Daphney ran from the room. The defendant followed her and, after a brief struggle, forcibly took her from the house. None of the witnesses saw Daphney alive after that date.
On June 9, 1994, Daphney Taylor's body was found near a railroad track with two gunshot wounds to the head.
On June 13, 1994, the defendant was arrested after a high speed auto chase, in which he was driving a stolen car. At the time of his arrest, the defendant appeared intoxicated, though no tests were performed. After his capture, the defendant gave several taped statements, one of which was introduced as evidence during the trial.
A jury found the defendant guilty as charged. The trial court imposed the mandatory life sentence. After the trial court denied defendant's motion for a new trial and motion to reconsider sentence, the defendant appealed his conviction and sentence.

DISCUSSION
In addition to the assignments of error addressed below, the defendant asserts three assignments of error which were not briefed. Assignments of error not briefed are considered abandoned. URCA Rule 2-12.4. State v. Schwartz, 354 So.2d 1332 (La. 1978); State v. Kotwitz, 549 So.2d 351 (La. App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990). We discuss below the remaining assignments of error.

Sufficiency of the Evidence
The defendant argues that the evidence presented, when viewed in light most favorable to the state, does not reasonably permit a finding that he was guilty of the offense of second degree murder. When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992).
We note that the proper method to raise the issue of insufficient evidence is by motion for post verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821. Although the defendant urges the insufficiency of the evidence by an assignment of error, the record does not indicate defendant made a motion for post verdict judgment of acquittal. We, nevertheless, find the evidence sufficiently *559 supports defendant's conviction of second degree murder.
Under Jackson v. Virginia, supra, the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988). This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir. 1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Carey, et al., 628 So.2d 27 (La.App. 2d Cir.1993).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Carey, et al., supra; State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992).
LSA-R.S. 14:30.1(A) provides, in pertinent part:
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, drive-by shooting, armed robbery, first degree robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Once proof independent of the confession confirms the fact of death by violent means, the confession alone can supply the proof linking the accused to the crime. Additionally, the confession can prove the elements essential to determining the degree of the crime, such as intent, or the underlying felony in a felony-murder prosecution. State v. Cutwright, 626 So.2d 780 (La.App. 2d Cir.1993).
When viewed in a light most favorable to the prosecution, the evidence presented by the state is sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the offense of second degree murder. Witnesses presented by the state testified that the defendant forcibly took the victim from the home of her stepsister and that the victim was not seen alive again. After his arrest, the defendant admitted in a recorded statement that he did shoot the victim twice. The state presented expert testimony that the cause of the death of the victim was two gunshot wounds to the head and that a bullet retrieved from the victim's brain was fired from the weapon seized from the defendant at the time of his arrest. When considered with the expert testimony as to the violent nature of the victim's death, the defendant's confession is sufficient to prove the essential elements of the charged crime.
At trial the defendant testified that the gun was fired twice accidentally. The jury, however, apparently chose not to believe the defendant's claim that the shooting was accidental; *560 the credibility determinations of the jury should not be disturbed by this court.
This assignment of error is without merit.

State's Use of Other Crimes Evidence

Questioning of Prospective Juror
The defendant contends the trial court committed reversible error by not granting the defendant's motion for a mistrial. The basis for the motion is the defendant's contention that the state impermissibly questioned one of the prospective jurors during voir dire. The state contends the statements made during voir dire were not regarding the defendant and, thus, no mistrial is warranted under La.C.Cr.P. art. 770.
During voir dire, the state questioned prospective juror, Heather Piget, if she ever had occasion to be in court other than during the days of the proceedings. When Ms. Piget answered affirmatively, the state questioned her extensively regarding her previous court appearance. Ms. Piget stated she had been a victim of kidnapping and was previously in court for that case. Ms. Piget stated her kidnapper was someone she knew. Finally, the state asked Ms. Piget:
Q. Is the person that was the suspect in that case, is he present in the courtroom today?
Ms. Piget answered in the negative.
The defendant then requested a bench conference and a mistrial based on the fact that the prospective jurors might infer that the defendant had kidnapped Ms. Piget.
A mandatory mistrial is regulated by La. C.Cr.P. art. 770 which states, in pertinent part, that a mistrial is mandated when the judge, district attorney or court official makes, within the hearing of the jury, a remark that refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. La.C.Cr.P. art. 770.
The trial court did not err in denying the defendant's request for a mandatory mistrial. La.C.Cr.P. art. 770 applies to comments or remarks made regarding other criminal acts of the defendant. In this instance, it is clear from the dialogue between Ms. Piget and the state that the defendant in this case was not involved with Ms. Piget's kidnapping. Ms. Piget clearly stated that she knew her kidnapper, and, during voir dire, she had not given any indication that she knew the defendant.[1] The defendant's argument that the jury would infer that the state was referring to the defendant is not supported by the record.
This assignment of error lacks merit.

Statement by Deputy David Anderson
The defendant argues that the trial court committed reversible error in refusing to grant defendant's request for a mistrial following the state's questioning of its witness Deputy David Anderson. The defendant contends that, in the questioning of Deputy Anderson, the state elicited testimony making reference to a possible kidnapping charge only to reinforce the idea that the defendant was "a bad guy."
During the direct examination of Deputy Anderson, the state questioned him as to how he became involved in the arrest of the defendant. Deputy Anderson related that he was dispatched to answer a possible kidnapping complaint involving the defendant and Debra Hunter, a witness who would later testify for the state. At this point, the defendant objected that the state was attempting to elicit testimony regarding other crimes which would inflame and incite the jury. The defense requested a mistrial, which was denied. The court recessed for the day, and Deputy Anderson was later recalled but did not give further testimony regarding the alleged kidnapping.
As discussed above, a mandatory mistrial is regulated by La.C.Cr.P. art. 770 which states, in pertinent part, that a mistrial is mandated when the judge, district attorney or court official makes, within the hearing of the jury, a remark that refers directly or indirectly to another crime committed or alleged to have been committed by the defendant *561 as to which evidence is not admissible. La.C.Cr.P. art. 770.
The decision to grant or deny a mistrial for prejudicial conduct rests within the trial court's discretion and will not be disturbed absent an abuse of discretion. State v. Smith, 433 So.2d 688 (La.1983); State v. Walker, 26,026 (La.App.2d Cir. 5/4/94), 637 So.2d 583, writ denied, 94-1369 (La. 9/30/94), 642 So.2d 868.
The ordering of a mistrial is a drastic remedy and, unless mandatory, is committed to the sound discretion of the trial judge. State v. Wingo, 457 So.2d 1159 (La.1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2049, 85 L.Ed.2d 322 (1985); State v. Burdgess, 434 So.2d 1062 (La.1983). A discretionary mistrial should be ordered only if a trial court determines that an admonition is not adequate to assure the defendant a fair trial. La.C.Cr.P. art. 771; State v. Tribbet, 415 So.2d 182 (La.1982); State v. Williams, 26,655 (La.App.2d Cir. 3/1/95), 651 So.2d 331.
Generally, evidence of other crimes or acts of misconduct is not admissible. State v. Jackson, 625 So.2d 146 (La.1993). Evidence of other crimes, wrongs, or acts, however, may be admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. La.C.E. art. 404(B)(1).
In order to introduce evidence of other crimes or acts, the prosecution must provide the defendant with notice of its intent to use this evidence and the state is required to prove these acts by clear and convincing evidence. State v. Prieur, 277 So.2d 126 (La.1973); La.C.E. art. 404(B)(1).
The trial court did not err in failing to declare a mistrial after Deputy Anderson's statements. The testimony of Deputy Anderson merely corroborates the testimony of Debra Hunter, the victim of the alleged kidnapping attempt, whose testimony regarding this issue was found to be admissible. The brief reference by Deputy Anderson to the alleged incident involving defendant and Debra Hunter is not testimony that warrants a mistrial.
This assignment of error lacks merit.

Admissibility of Handgun
The defendant argues that the trial court committed reversible error by allowing, over the defendant's objection, the admission of a handgun, state's exhibit number ten (10). The defendant alleges the handgun was improperly admitted as none of the police officers or investigators associated with the case could determine which deputy actually confiscated the weapon from the defendant at the scene of his arrest. The state contends a proper foundation was laid for the admission of this evidence.
During the testimony of Sergeant Charles Scholz of the Caddo Parish Sheriff's Office, the state attempted to admit a handgun which was seized from the defendant at the time of his arrest. Sergeant Scholz testified that, at the time of the defendant's arrest, he saw a deputy reach into the front waistband of the defendant's pants and pull out a gun. Sergeant Scholz further stated that the deputy then gave the gun to him and that he secured the weapon in the trunk of his car until he transported it to the Caddo Sheriff's Office evidence room, where the gun was marked with an evidence tag. Sergeant Scholz could not identify which of the deputies present at the arrest actually took the gun from the defendant.
Joe Morris and Deputy Anderson, both of the Caddo Sheriff's Office, testified that while assisting in the arrest of the defendant, they saw an officer take a gun from the defendant's waistband, although they did not identify which officer actually confiscated the gun.
The defendant objected to the introduction of the weapon because of an "incomplete chain of evidence." After hearing arguments and allowing the defendant's attorney time for research on the issue, the trial court ruled any defect in the chain of custody went to the weight of the evidence rather than to the admissibility.
Demonstrative evidence must be properly identified before it can be admitted at trial. Accordingly, it must be established *562 that it is more probable than not that the object is the one connected with the crime. The identification may be accomplished through chain of custody from the time of seizure until the presentation at trial. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Toney, 26,711 (La.App.2d Cir. 3/1/95), 651 So.2d 387.
It is not necessary that the evidence as to custody eliminate all possibilities that the object has been altered. The state need only establish by a preponderance of the evidence that the object is the one connected with the case. Sweeney, supra; Toney, supra. A defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Jackson, 629 So.2d 1374 (La.App. 2d Cir.1993), writ denied, 94-0201 (La 05/06/94), 637 So.2d 1046.
We find that the state did properly establish by a preponderance of the evidence that the weapon offered as evidence during the trial was the one seized from the defendant. Sergeant Scholz testified that he actually saw the deputy reach into the defendant's waistband and seize the weapon. The deputy then gave the weapon to Sergeant Scholz at the scene. Officer Morris and Deputy Anderson also testified that, at the time of the defendant's arrest, a deputy seized a gun from the defendant. The testimony of these officers is sufficient to establish the weapon's connection with this defendant. Any defect in the chain of custody goes to the weight of the evidence rather than to the admissibility.
This assignment of error is without merit.

Sentence
The defendant asserts the mandatory life sentence for second degree murder as set forth in LSA-R.S. 14:30.1 is unconstitutional and that the trial court erred in denying his timely filed motion to reconsider sentence. The defendant argues that the mandatory life sentence violates the 1974 Louisiana Constitution art. I, § 20 (excessive punishment). The state contends the sentence is constitutional.
The assertion that the mandatory life sentence for second degree murder is a violation of the prohibition against excessive punishment in the Louisiana Constitution has been repeatedly rejected. State v. Parker, 416 So.2d 545 (La.1982); State v. Brooks, 350 So.2d 1174 (La.1977); State v. Thompson, 27,512 (La.App.2d Cir. 12/6/95), 665 So.2d 643.
The defendant presents no novel argument concerning these issues. These assignments of error are without merit.

Error Patent Review
Defendant's final assignment is a request for this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993), modified on other grounds, 624 So.2d 1208 (La.1993).
Our error patent review disclosed that the trial court failed to properly inform the defendant of the prescriptive period for post-conviction relief, as required by La. C.Cr.P. art. 930.8. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing.[2]State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); La.C.Cr.P. arts. 921, 930.8(C).

CONCLUSION
Based on the foregoing reasons, the conviction and sentence of the defendant are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Ms. Piget was not selected to serve on the jury.
[2] The district court is directed to send appropriate written notice to defendant within 10 days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings.