LOLLEY, J.
11 This criminal appeal arises from the Second Judicial District Court, Parish of Jackson, State of Louisiana. The defendant, Reuben Carter, entered a guilty plea to the charge of illegal possession of stolen things having a value of $500.00 or more. La. R.S. 14:69(A). He was sentenced to the agreed-upon term of three years at hard labor, with all but one year suspended, and two years of supervised probation. *602 Carter now appeals and for the following reasons, the trial court’s order denying Carter’s motion to suppress is reversed, and his conviction and sentence are vacated and remanded to the trial court for further proceedings.
Facts
In response to a tip from the victim of a burglary, Deputy Johnny Horton, a deputy with the Jackson Parish Sheriffs Department, went to the residence of Johnny Davis where a search, conducted with Davis’ consent, led to the discovery of the victim’s stolen property. As later stated by Dep. Horton, Davis indicated that Carter had asked him if he could store the items in the shed because Carter did not have room for them at his house. Carter was arrested and charged with the illegal possession of stolen things having a value of $500.00 or more, a violation of La. R.S. 14:69(A).
On February 16, 2006, Carter filed a motion to suppress his oral and written statements on the basis that he was not advised of his Miranda[1] rights prior to the taking of either statement. At the hearing on the motion to suppress, Dep. Horton described how he approached Carter after finding the stolen goods. Carter was across the street in front of his house. Deputy | ¡¡Horton also stated that upon being questioned, Carter admitted at that time that he had put the items in Davis’ shed and that he had obtained the items from an individual by the name of James Gray. Additionally, Dep. Horton claimed that Carter admitted that he knew the items to be stolen. Deputy Horton then arrested Carter and took him to the sheriffs office where he made a second written statement on a form provided by the arresting authorities.
Carter’s written statement alleged that Davis had come to his home at the end of June and told him that he had received certain items from “James” (presumably the “James Gray” mentioned in his earlier statement) including a “TV, AC and Stereo.” Because Davis could only use the air conditioner, he allegedly offered to sell the other items and split the money with Carter. Then, according to Carter, Davis borrowed $25.00 from him. Carter’s statement alleges that the items were never in his home. Deputy Horton stated that at the time Carter was questioned, Officer Mike Walsworth of the Hodge Police Department was present to assist. He also claimed that he administered Carter his Miranda rights prior to questioning him.
At the same hearing, Carter testified that on the date in question he was standing out in his yard when he saw Dep. Horton speaking to his neighbor, Davis. He saw Davis point over towards his yard after which Dep. Horton approached him. After approaching him, Carter claims that Dep. Horton asked him if he knew anything about the “stuff in the storage house,” to which he replied “yea.” Carter testified that immediately after lathis brief exchange, Dep. Horton told him he was under arrest and placed him in handcuffs. According to Carter, Officer Walsworth did not arrive on the scene until after he was already in handcuffs. He denied that he was advised of his right to an attorney or his right to remain silent at any time prior to or after his arrest. After hearing all the testimony, the trial court denied Carter’s motion to suppress the statements.
On February 27, 2006, Carter entered a guilty plea to the charged crime, and the trial court sentenced him to three years’ imprisonment at hard labor, all but one year suspended and two years of super *603 vised probation. He reserved his right to appeal the trial court’s ruling on the motion to suppress, and this appeal ensued.
Discussion
In his first assignment of error, Carter argues that the trial court erred in denying his motion to suppress prior to his guilty plea. Specifically, Carter argues that the “totality of the evidence” supports his claim that he was not properly advised of his Miranda rights and, therefore, could not have made a knowing and intelligent waiver thereof. Specifically, he points to the fact that the testimony of Dep. Horton was uncorroborated despite the alleged presence of another law enforcement officer and the fact that the rights advisory contained on the written statement made by the defendant was inadequate (presumably because it does not inform the maker of his right to remain silent or his right to an attorney). The state maintains that the record establishes that the defendant was properly “Mimndized.” However, the state acknowledges that the record fails to establish that|4Carter validly waived those rights.[2] Believing that the fact that such a waiver was made can be established, the state suggests that the matter should be remanded for rehearing of the matter.
Louisiana C. Cr. P. art. 703 provides, in pertinent part, that:
A. A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained.
B. A defendant may move on any constitutional ground to suppress a confession or statement of any nature made by the defendant.
;J< íJí 5};
D. On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.
The admissibility of an inculpato-ry statement by the defendant is a question for the trial judge, whose conclusions on the credibility and weight of testimony relating to the voluntariness of the statement should not be overturned on appeal unless they are not supported by the evidence. State v. Richardson, 33,272 (La.App.2d Cir.11/01/00), 779 So.2d 771, writ denied, 2000-3295 (La.10/26/01), 799 So.2d 1151. Great weight is placed upon the trial court’s factual determinations because of that court’s opportunity to observe witnesses and assess credibility. State v. Roddy, 33,112 (La.App. 2d Cir.04/07/00), 756 So.2d 1272, writ denied, 2000-1427 (La.05/11/01), 791 So.2d 1288.
| ^However, at a hearing on a motion to suppress a confession, the state bears the burden of proving beyond a reasonable doubt the free and voluntary nature of the confession. State v. Hills, 354 So.2d 186 (La.1977); State v. Roddy, supra. It is well settled that a “heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.” Tague v. Louisiana, 444 U.S. 469, 470, 100 S.Ct. 652, 653, 62 L.Ed.2d 622 (1980).
Even when a defendant has not expressly invoked his rights under Miranda, “[t]he courts must presume that a defendant did not waive his rights.” *604 North Carolina v. Butler, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979). It might be presumed that a proper advisory of one’s Miranda rights followed by the voluntary giving of an in-culpatory statement would constitute an implicit waiver of those rights. However, the Louisiana Supreme Court has held that a waiver is not established by showing that a defendant was given the complete Miranda warnings and thereafter gave an incriminating statement. See State v. Vigne, 2001-2940 (La.06/21/02), 820 So.2d 533.
 As is conceded by the state in its brief, Carter’s assignment of error has merit. The State admits that the record contains no evidence that Carter made a knowing and voluntary waiver of those rights. As in State v. Vigne, supra, the only evidence on the issue was Dep. Horton’s testimony that Carter did not appear to be intoxicated or suffering from any other impairment which may have prevented him from understanding his rights. LThe State failed to meet its burden at the suppression hearing, and the trial court erred in failing to suppress the defendant’s statement. See Tague v. Louisiana, supra. Furthermore, we see no basis for reopening the suppression hearing to allow the State a “second bite at the apple” by attempting to introduce evidence it certainly had available to it at the first hearing. However, we note that evidence of the crime existed prior to Carter’s inadmissible statement to police. The inadmissibility of Carter’s statement for failure to obtain a waiver of his Miranda rights would not necessarily appear to affect the admissibility of that evidence in further proceedings against Carter at the trial court. Thus, because Carter’s plea was conditional and he was successful on appeal on the reserved issue, it results in his plea having to be vacated and the case remanded for further proceedings.
In Carter’s second assignment of error, he requests this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.05/07/97), 694 So.2d 556. No such errors were found.
Conclusion
For the foregoing reasons, we reverse the trial court’s order denying Reuben Carter’s motion to suppress his statement. Further, we vacate Carter’s conviction and sentence and remand this case to the trial court for further proceedings not inconsistent with this opinion and other provision of law.
CONVICTION AND SENTENCE VACATED; JUDGMENT DENYING MOTION TO SUPPRESS REVERSED; MATTER REMANDED FOR FURTHER PROCEEDINGS.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. We commend the assistant district attorney for adhering to the ethical duties under Rules 3.3 and 3.8 of the Rules of Professional Conduct and admitting the noted error.