BLEICH, J. (Pro Tempore )
Pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), Donald G. Brooks was resentenced to life imprisonment with parole eligibility for a 1976 murder he committed when he was 17 years old. No motion to reconsider sentence was filed. Brooks' appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no non-frivolous issues upon which to base the appeal. This Court held the motion to withdraw in abeyance and allowed Brooks 30 days within which to file a pro se brief. Brooks filed his brief on September 24, 2018. For the following reasons, we grant appellate counsel's motion to withdraw and affirm Brooks' convictions and sentences.
FACTS
On June 9, 1976, Donald G. Brooks and an accomplice grabbed 78-year-old street vendor Rosario Brocato by the arms as Brocato was making his morning rounds. When Brocato struggled, he was shot in the face. After Brocato fell to the ground, Brooks emptied Brocato's pockets and stole his money. Brocato subsequently died from the gunshot wound. Brooks was indicted for the second degree murder and armed robbery of Brocato, and a unanimous jury found Brooks guilty as charged. Brooks was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence for 40 years on the second degree murder conviction and 10 years at hard labor on the armed robbery conviction. The sentences were ordered to run consecutively. Brooks' convictions *715 and sentences were affirmed in State v. Brooks, 350 So.2d 1174 (La. 1977). The record shows that Brooks was 17 at the time he committed the offenses.[1]
Following the decisions in Miller / Montgomery , Brooks was resentenced on August 15, 2016, to life imprisonment at hard labor, with parole eligibility.[2] On May 8, 2017, Brooks filed a "Motion for Out of Time Appeal and Designation of Record," seeking to appeal the new sentence. In its May 11, 2017, "Ruling," the trial court denied Brooks' motion for appeal and vacated the August 15, 2016, sentence after concluding that Brooks had been sentenced without the assistance of counsel. The public defender was appointed to represent Brooks for resentencing.
On February 20, 2018, Brooks appeared with counsel for resentencing. The trial court reviewed the facts of the case as well as the procedural events noted above. A thorough review of the cases leading up to and following the Miller / Montgomery decisions was set forth on the record by the trial court as well as a discussion of the Miller / Montgomery cases. The trial court also reviewed the legislative enactments of La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4 in response to Miller / Montgomery . The trial court confirmed that the State did not oppose the resentencing of Brooks to life with the possibility of parole. Thereafter, Brooks was resentenced to life with parole eligibility. The trial court ordered the Department of Corrections to revise the prison master to expressly state that Brooks' sentence was imposed with parole eligibility and that Brooks' records reflect an eligibility date for consideration by the Board of Parole. The trial court also affirmed Brooks' armed robbery sentence and ordered that the sentences would remain consecutive. This appeal ensued.
DISCUSSION
On June 28, 2018, Brooks' appellate counsel filed a motion to withdraw and an Anders brief asserting that after a thorough review of the entire record, no non-frivolous issues remained for appeal. See Anders, supra ; State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton, 95-0981 (La. 04/28/95), 653 So.2d 1176. The brief outlines the procedural history of the case, including Brooks' sentencing history. The brief also contains a detailed and reviewable assessment for both the defendant and this Court regarding whether the appeal is worth pursuing. Appellate counsel verified that he mailed copies of the motion to withdraw and the brief to Brooks. Brooks filed a pro se brief, in which he argued that his original trial counsel provided ineffective assistance of counsel by failing to file a motion to reconsider his sentence for second degree murder. According to Brooks, the sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence for 40 years, is an indeterminate sentence and as such, is illegal. The State declined to file a brief.
We will first address Brooks' ineffective assistance of counsel claim. The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A basis for ineffective assistance of counsel may only be found if a defendant can show a reasonable probability that, but for counsel's *716 error, his sentence would have been different. State v. Jones, 46,712 (La. App. 2d Cir. 11/02/11), 80 So.3d 500, writ denied , 12-0016 (La. 08/22/12), 97 So.3d 356 ; State v. Louis , 32,347 (La. App. 2d Cir. 10/27/99), 744 So.2d 694. See also State v. Allen , 03-1205 (La. App. 5th Cir. 02/23/04), 868 So.2d 877 ; State v. White , 03-1535 (La. App. 3d Cir. 04/28/04), 872 So.2d 588. Brooks' sentence, life imprisonment without the benefit of parole, probation, or suspension of sentence for 40 years, was not indeterminate, but was the mandatory penalty for the offense of conviction. Brooks has failed to allege how his youth at the time of the offense justified a deviation from the mandatory sentence. He likewise did not allege any particular facts regarding his family history or special circumstances that would support a deviation from the mandatory sentence provided in La. R.S. 14:30.1. Brooks has failed to show that he is exceptional or that the mandatory life sentence is not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. See, State v. Collins , 09-1617 (La. App. 1st Cir. 02/12/10), 35 So.3d 1103, writ denied , 10-0606 (La. 10/08/10), 46 So.3d 1265. Because Brooks has failed to show that the motion to reconsider the sentence would have resulted in a different sentence, we cannot find that the failure of his trial counsel to file a motion to reconsider sentence constitutes ineffective assistance of counsel. See State v. Lee , 26,542 (La. App. 2d Cir. 05/12/94), 636 So.2d 634 ; State v. Texada , 98-1647 (La. App. 3d Cir. 05/05/99), 734 So.2d 854.
Furthermore, in the original appeal from Brooks' convictions and sentences, State v. Brooks , 350 So.2d at 1175-76, defendant's attorney assigned as error the trial court's denial of this motion to quash in which he attacked the constitutionality of Louisiana's second degree murder statute, La. R.S. 14:30.1. Defense counsel had argued in his pretrial motion that the mandatory imposition of a life sentence precluded consideration of all particular and mitigating factors, and therefore violated U.S. and Louisiana Constitutional guarantees against cruel and unusual punishment. The Supreme Court in State v. Brooks, supra , rejected this claim, noting that the mandatory penalty prescribed by La. R.S. 14:30.1, life imprisonment, has been upheld on constitutional grounds by both the U.S. and Louisiana Supreme Courts. See, Roberts v. Louisiana , 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) ; State v. Cook , 345 So.2d 29 (1977) ; State v. Anderson , 315 So.2d 266 (La. 1975) ; State v. Lewis , 47,853 (La. App. 2d Cir. 02/27/13), 110 So.3d 644, writ denied , 13-0672 (La. 10/25/13), 124 So.3d 1092 ; State v. Thompson , 27,512 (La. App. 2d Cir. 12/06/95), 665 So.2d 643. This assignment of error is without merit.
A conviction for second degree murder carries a mandatory sentence of life at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 14:30.1. However, in Miller , 567 U.S. at 479, 132 S.Ct. at 2479, the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Miller Court did not establish a categorical prohibition against life imprisonment without parole for juvenile homicide offenders; instead, the decision requires the sentencing court to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. State v. Williams , 12-1766 (La. 03/08/13), 108 So.3d 1169.
The sole question to be answered in a Miller hearing is whether the defendant should be eligible for parole.
*717 State v. Keith , 51,389 (La. App. 2d Cir. 06/21/17), 223 So.3d 767 ; State v. Sumler , 51,324 (La. App. 2d Cir. 05/02/17), 219 So.3d 503. Accordingly, there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor. Instead, the trial court considers only whether the mandatory sentence should include parole eligibility. State v. Keith, supra ; State v. Jackson , 51,527 (La. App. 2d Cir. 08/09/17), 243 So.3d 1093, writ denied , 17-1540 (La. 05/25/18), 243 So.3d 565. Access to the parole board for consideration of parole meets the requirements of Miller . State v. Jackson, supra . Giving Miller retroactive effect does not require states to relitigate sentences in every case where a juvenile offender received mandatory life without parole. State v. Keith, supra .
In this case, Brooks received the mandatory minimum sentence available to him. His convictions are final and he was properly resentenced to life imprisonment with parole eligibility pursuant to Miller / Montgomery . Thus, a review of the record disclosed no non-frivolous issues and no ruling which arguably support an appeal. Lastly, the record has been reviewed for error patent. The trial court minutes incorrectly state that Brooks' sentence was to "run concurrently" with any other sentence. The sentencing transcript shows that the trial court imposed Brook's second degree murder and armed robbery sentences consecutively, as they were originally imposed. When the transcript and the court minutes conflict, the transcript prevails. State v. Lynch , 441 So.2d 732 (La. 1983). Accordingly, the trial court is instructed to correct this error in the minutes. State v. Bell , 51,312 (La. App. 2d Cir. 05/17/17), 222 So.3d 79 ; State v. Clark , 44,594 (La. App. 2d Cir. 08/19/09), 16 So.3d 1256, writ denied , 09-2106 (La. 08/18/10), 42 So.3d 400.
CONCLUSION
For the reasons set forth above, appellate counsel's motion to withdraw is granted and Brooks' convictions and sentences are affirmed.
AFFIRMED.

The May 11, 2017, "Ruling" of the trial court confirms Brooks' age at the time of the offense. The state does not dispute this fact.

Brooks' resentencing apparently occurred as the result of his February 29, 2016, filing of a "Motion for Appointment of Counsel," as well as a "Motion to Correct Illegal Sentence and Supporting Memorandum of Law and Facts."