within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–901.   IN RE DISBARMENT OF OLSTER.   It is ordered that Bruce A. Olster, of Green Pond, N. J., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–902.   IN RE DISBARMENT OF METZ.   It is ordered that William A. Metz, of New York, N. Y., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–903.   IN RE DISBARMENT OF HAGMAN.   It is ordered that Gary L. Hagman, of Weatherford, Tex., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. 88–1916.   MINNESOTA v. OLSON, ante, p. 91.   Motion of petitioner respecting the mandate and judgment of this Court denied.

No. 89–1563.   WILLIAMS ET AL. v. STONE.   C. A. 2d Cir.   Motion of petitioners to defer consideration of the petition for writ of certiorari granted.

No. 89–6702.   CARTER v. NESBY ET AL.   C. A. 2d Cir.   Motion of petitioner for leave to proceed in forma pauperis denied. Petitioner is allowed until June 19, 1990, within which to pay the docketing fee required by Rule 38(a) and to submit a petition in compliance with Rule 33 of the Rules of this Court.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

For the reasons expressed in Brown v. Herald Co., 464 U. S. 928 (1983), we would deny the petition for writ of certiorari without reaching the merits of the motion to proceed in forma pauperis.

No. 89–7211.   IN RE BEAS.   Petition for writ of mandamus denied.