[No. 56644-5. En Banc. January 10, 1991.]

*In the Matter of the Personal Restraint of*
PAUL PRESTON MOORE, *Petitioner.*

*Robert Bouvart* and *Symone Scales,* for petitioner.

*C.C. Bridgewater, Prosecuting Attorney,* and *David R. Koss, Deputy,* for respondent.

*Rita J. Griffith* on behalf of Washington Appellate Defender Association, amicus curiae for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson, Assistant,* amicus curiae for respondent.

BRACHTENBACH, J.—By personal restraint petition, Paul Preston Moore challenges the life without possibility of

parole sentence he received pursuant to his conviction on a plea of guilty to first degree aggravated murder in 1980. He claims that the sentence is not authorized by former RCW 9A.32.040 and RCW 10.94.020.[1] He also claims that his sentence violates the fifth and sixth amendments to the federal constitution. We agree that the sentence was not authorized by statute and therefore grant the petition and remand for resentencing to life with the possibility of parole. Because we decide in petitioner's favor on the statutory issue, we do not reach the constitutional question.

In February 1980, petitioner, along with two companions, committed a brutal double murder. In March 1980, petitioner pleaded guilty to two counts of murder in the first degree. He stipulated to the existence of aggravating and mitigating circumstances as to one count under the belief that the court would have no discretion but to convict and sentence him to life without possibility of parole on that count. The court did sentence him to life without possibility of parole on that count and life with possibility of parole on the other count. Petitioner did not appeal his conviction or sentence.

In May 1989, petitioner initiated this personal restraint petition in Division Two of the Court of Appeals. By order dated October 31, 1989, that court dismissed the petition, interpreting *State v. Frampton*, 95 Wn.2d 469, 627 P.2d 922 (1981) as allowing petitioner's life without possibility of parole sentence on a plea of guilty to first degree aggravated murder and finding that petitioner had waived any objections to his sentence when he pleaded guilty. Petitioner filed a motion for discretionary review in this court, which we granted.

 We begin by noting that petitioner did not appeal his conviction or sentence. All of the issues he raises in this

---

[1] RCW 9A.32.040, Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.32.040 (amended by Laws of 1977, 1st Ex. Sess., ch. 206, § 3, amended by Laws of 1981, ch. 136, § 55; ch. 138, § 21); RCW 10.94.020, Laws of 1977, 1st Ex. Sess., ch. 206, § 2 (repealed by Laws of 1981, ch. 138, § 24(16)). References will be to the statutes as they existed when petitioner was sentenced (1977 enactments) from this point on.

personal restraint petition, including his statutory challenge, are therefore raised for the first time on collateral review. This court has stated that "a Personal Restraint Petition is not a substitute for an appeal." *In re Hews,* 99 Wn.2d 80, 86, 660 P.2d 263 (1983). We therefore severely limit the availability of collateral relief based on statutory grounds not first raised on appeal.

> [T]o receive collateral review of a conviction on nonconstitutional grounds, a petitioner must establish that the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice.

*In re Cook,* 114 Wn.2d 802, 812, 792 P.2d 506 (1990).

Petitioner has met this burden. He correctly reasons that his sentence was not authorized by statute. Confinement beyond that authorized by statute is exactly the kind of fundamental defect which the rule we announced in *Cook* was aimed at remedying. Accordingly, we will review the petition. We note in passing that if petitioner's sentence is not authorized by statute, failure to correct the defect could result in a denial of petitioner's due process rights. *Hill v. Estelle,* 653 F.2d 202, 204 (5th Cir.) (citing *Hicks v. Oklahoma,* 447 U.S. 343, 65 L. Ed. 2d 175, 100 S. Ct. 2227 (1980)), *cert. denied,* 454 U.S. 1036 (1981).

Petitioner claims that the life without possibility of parole sentence he received pursuant to his guilty plea is not authorized by the statutory scheme in existence when he was sentenced. At that time sentencing in first degree murder cases was governed in part by RCW 9A.32.040 and RCW 10.94.020.[2] RCW 9A.32.040 provides:

> . . . .
> (2) If, pursuant to a special sentencing proceeding held under RCW 10.94.020, the jury finds that there are one or more aggravating circumstances but fails to find that there are not sufficient mitigating circumstances to merit leniency . . . the

---

[2]As indicated at the outset of this opinion, these statutes have been repealed or amended in order to correct the constitutional and statutory problems which this court found in the 1977 enactment under which petitioner was sentenced. *See State v. Martin,* 94 Wn.2d 1, 614 P.2d 164 (1980); *State v. Frampton,* 95 Wn.2d 469, 627 P.2d 922 (1981); Laws of 1981, ch. 138.

sentence shall be life imprisonment without possibility of release or parole. . . .

(3) In all other convictions for first degree murder, the sentence shall be life imprisonment.

RCW 10.94.020(2) provides:

If the prosecution has filed a request for the death penalty . . . and the trial jury returns a verdict of murder in the first degree . . . then, at such time as the verdict is returned, *the trial judge shall reconvene the same trial jury to determine in a separate special sentencing proceeding* whether there are one or more aggravating circumstances and whether there are mitigating circumstances sufficient to merit leniency . . ..

(Italics ours.)

In *State v. Martin,* 94 Wn.2d 1, 614 P.2d 164 (1980) this court construed RCW 9A.32.040 and RCW 10.94.020(2) to mean that a sentence of life without possibility of parole can only be imposed when there has been a jury trial from which "the same trial jury" can be drawn for sentencing. *Martin,* at 9. If there is no trial jury, and therefore no "same" jury for sentencing purposes, the court reasoned, "the maximum penalty on a plea of guilty to first degree murder is life imprisonment *with* a possibility of parole. RCW 9A.32.040(3); RCW 9.95.115." (Italics ours.) *Martin,* at 9.

In *State v. Frampton,* 95 Wn.2d 469, 627 P.2d 922 (1981), this court was given the opportunity to overrule *Martin* and refused to do so. It reaffirmed the reasoning of *Martin,* stating that "a defendant who pleads guilty cannot be subjected to the enhanced penalties for first degree murder under RCW 9A.32.040." *Frampton,* at 480 (opinion of Dolliver, J., joined by Brachtenbach, C.J., Williams, Stafford, and Utter, JJ.).

In spite of this, the State urges that a life without possibility of parole sentence is authorized on a plea of guilty to first degree murder. In support of this position, it notes that the *Frampton* court also stated "[t]he maximum penalty for a defendant who pleads guilty to first degree murder is life imprisonment *without* possibility of parole." (Italics ours.) *Frampton,* at 478 (opinion of Dolliver, J.,

joined by Brachtenbach, C.J., Williams, Stafford, and Utter, JJ.). This is the language upon which the Court of Appeals relied in denying petitioner's petition.

Even a cursory analysis reveals that the word "without" is an error. Not only does it contradict the analysis in *Martin,* which *Frampton* claims to reaffirm, but it also conflicts with the rest of the analysis in *Frampton* itself. *Frampton* provides that no enhanced penalties can be given on a plea of guilty, *Frampton,* at 480, yet the life without possibility of parole sentence is just such an enhanced penalty. Furthermore, in analyzing whether the life without possibility of parole sentence was an unconstitutional burden on the Sixth Amendment right to a jury trial, both the majority and the dissent in *Frampton* assumed that the maximum sentence on a plea of guilty was life *with* possibility of parole. Justice Dolliver's minority opinion on this point finds the life without parole sentence *unconstitutional* because "the more severe penalty [life without parole] can be avoided by pleading guilty . . .". *Frampton,* at 483 (opinion of Dolliver, J., joined by Williams and Utter, JJ.). In other words, the maximum sentence on a plea of guilty is life with possibility of parole. Likewise, Justice Dimmick's majority opinion on this point, which finds the life without parole sentence constitutional, assumes that the maximum sentence on a plea of guilty is life with parole. "[W]e must determine whether a defendant who pleads guilty and is given a life sentence which carries a possibility of parole is treated sufficiently different from a defendant who goes to trial before a jury and is sentenced to life imprisonment without a possibility of parole." *Frampton,* at 529 (opinion of Dimmick, J., joined by Brachtenbach, C.J., Rosellini, Stafford, Hicks, and Dore, JJ.).

The use of the word "without" instead of the word "with" in the official reporter's version of this passage from *Frampton* is an unfortunate error in a complex opinion; one which we now disavow. The sentence should read: The maximum penalty for a defendant who pleads guilty to first degree murder is life imprisonment *with* possibility of

parole. As corrected, *Frampton,* along with *Martin,* supports petitioner's claim that he was incorrectly sentenced to life without possibility of parole on one count.

The Attorney General, as amicus curiae, makes an imaginative argument that *Martin* and *Frampton* apply only to pleas of guilty to first degree murder, not to pleas of guilty to first degree murder with aggravating circumstances such as was the case here. The argument is that *Martin* and *Frampton* held the maximum penalty on a guilty plea is life with possibility of parole because the trial jury cannot be reconvened to establish aggravating circumstances.[3] If aggravating circumstances are stipulated to by the defendant, there is no need for the sentencing jury and a life without parole sentence can be imposed.

The problem with this argument is that the language of both *Martin* and *Frampton* is not so narrow. There is no "statutory means provided by which the death penalty [and therefore life without parole] can be imposed" on a capital defendant who pleads guilty. *Martin,* at 9. The reason for this is that the statutes, RCW 9A.32.040(1), (2) and RCW 10.94.020(2), when read together as the *Martin* and *Frampton* courts did, require the *trial jury* to find aggravating and mitigating circumstances in order to determine enhanced sentences. No provision is made in the statutes for any other means of establishing aggravating or mitigating circumstances. Since only the trial jury can establish these circumstances, the defendant is necessarily prevented from stipulating to them. The State's argument is therefore without merit.

We therefore hold that the maximum sentence on a plea of guilty to first degree murder of any kind under the first degree murder sentencing scheme *in effect when petitioner*

---

[3]The sentencing scheme under which petitioner was sentenced provided that aggravating and mitigating circumstances were to be decided at the penalty phase of the case, unlike the present sentencing scheme where aggravating factors are to be determined at the trial phase and mitigating circumstances are to be determined at the sentencing phase. *Compare* Laws of 1977, 1st Ex. Sess., ch. 206, §§ 2, 3 *with* Laws of 1981, ch. 138, § 2.

*was sentenced* is life with the possibility of parole. In doing so, we note that our holding is consistent with recent Ninth Circuit decisions. *See Robtoy v. Kincheloe,* 871 F.2d 1478 (9th Cir. 1989), *plaintiff's cert. denied sub nom. Robtoy v. Callahan,* 110 S. Ct. 1483, *defendant's cert. denied sub nom. Callahan v. Robtoy,* 110 S. Ct. 1538, *reh'g denied,* 110 S. Ct. 2579 (1990); *Norman v. Ducharme,* 871 F.2d 1483 (9th Cir. 1989), *cert. denied,* 110 S. Ct. 1483 (1990); *Marzano v. Kincheloe,* 915 F.2d 549 (9th Cir. 1990). Although these decisions are not binding on this court, we see no reason to believe that the Ninth Circuit would not grant relief in this case.

■ The State argues that even if *Martin* is upheld in this way, its rule should not retroactively apply to petitioner since he was sentenced before *Martin* was decided. Unfortunately for the State,

> [i]t is a fundamental rule of statutory construction that once a statute has been construed by the highest court of the state, that construction operates as if it were originally written into it. In other words, there is no "retroactive" effect of a court's construction of a statute; rather, once the court has determined the meaning, *that is what the statute has meant since its enactment.*

*State v. Darden,* 99 Wn.2d 675, 679, 663 P.2d 1352 (1983) (quoting *Johnson v. Morris,* 87 Wn.2d 922, 927–28, 557 P.2d 1299 (1976)).

We applied this principle in *In re Carle,* 93 Wn.2d 31, 604 P.2d 1293 (1980), where the defendant pleaded guilty to robbery and stipulated to being armed with a deadly weapon. He was given an enhanced sentence because he was armed. He did not appeal. In a later case, this court determined that the enhanced penalty statute used in defendant's sentencing did not apply in robbery cases. Defendant petitioned this court for relief and the court, using the same analysis as in *Darden,* stated that the "trial court herein imposed an erroneous sentence, and since the error has now been discovered, the court has both the power and the duty to correct it. Petitioner is entitled to relief under RAP 16.4(c)(2)." *Carle,* at 33–34.

Similarly, we conclude that the interpretation of RCW 9A.32.040 and RCW 10.94.020(2) found in *Martin* relates back to the enactment of that legislation and governs petitioner's sentencing. The longest sentence he could legally have received was life with the possibility of parole.

Respondent asserts, and the Court of Appeals accepted, that regardless of any statutory problems with the sentencing scheme, petitioner entered into a plea bargain and must accept the consequences of that bargain. Respondent cites *State v. Majors,* 94 Wn.2d 354, 616 P.2d 1237 (1980) in support of its theory. The defendant in *Majors* pleaded guilty and stipulated to two prior convictions in order to receive a possibly shorter sentence under the habitual criminal statute. Unfortunately, one of the prior convictions to which he stipulated did not actually occur prior to the crime to which he pleaded guilty. The court held that Majors' guilty plea precluded review of the sufficiency of the information against him. It reasoned that Majors had consciously chosen to admit the existence of a prior conviction which he knew was not actually prior as part of the plea bargaining process, in the hope of obtaining a shorter sentence. *Majors,* at 357. Assuming the stipulated fact, the sentence the defendant received was authorized and constitutional.

In the present case the petitioner is not challenging any of his factual stipulations. He admits the existence of aggravating and mitigating circumstances. Rather, he challenges whether the actual sentence he received was statutorily authorized given those facts. *Majors* is therefore inapposite.

"[A] plea bargaining agreement cannot exceed the statutory authority given to the courts." *In re Gardner,* 94 Wn.2d 504, 507, 617 P.2d 1001 (1980); *see In re Carle, supra.* In other words, the actual sentence imposed pursuant to a plea bargain must be statutorily authorized; a defendant cannot agree to be punished more than the Legislature has allowed for. *See State v. Eilts,* 94 Wn.2d 489, 495–96, 617 P.2d 993 (1980). Since the sentence to which

petitioner agreed and which he received exceeded the authority vested in the trial judge by the Legislature, we cannot allow it to stand.

We therefore reverse the Court of Appeals, grant the petition, and remand to the trial court with instructions that petitioner receive a sentence of life with the possibility of parole pursuant to *State v. Martin,* 94 Wn.2d 1, 614 P.2d 164 (1980). *See In re Carle, supra; see also In re Williams,* 111 Wn.2d 353, 759 P.2d 436 (1988); *State v. Smissaert,* 103 Wn.2d 636, 694 P.2d 654 (1985). In doing so we note that because of the dissimilarities between the 1977 and 1981 first degree murder sentencing statutes, *see* Laws of 1977, 1st Ex. Sess., ch. 206; Laws of 1981, ch. 138, this decision and its analysis is necessarily limited to sentences imposed under the 1977 enactments. We do not in any way interpret the 1981 statutory scheme which was enacted to address problems such as this one in the 1977 statute.

The matter is remanded for sentencing in accordance herewith.

CALLOW, C.J., and UTTER, DOLLIVER, DORE, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.