I,STEWART, J.
Following a jury trial, the defendant, Carl C. Ruffins, was convicted of second degree murder, a violation of La. R.S. 14:30.1(A)(1). The trial court sentenced the defendant to life imprisonment without the benefit of parole, probation or sus *616 pension of sentence. On review, the defendant challenges the sufficiency of the evidence presented, the admissibility of certain evidence, and the excessiveness of the sentence imposed. We hereby affirm the conviction and sentence.
FACTS
On August 8, 1998, the defendant and his brother, Zaniel Jerome Adkins, were passengers in a car driven by their friend, Montgomery “Monte” Williams, as they drove down Orla Street in Shreveport toward the home of Williams’ girlfriend. At about the same time, Donald “DJ” Reed, the victim, was entering Dupont Street on his bicycle and was nearly hit by the car in which the defendant was a passenger. A brief, non-physical argument ensued between Reed and Williams. Williams got back into his car, drove down the street, turned around, and returned to Reed’s location. This time when the car passed by Reed, Reed walked up to the passenger side of the car. At that point, the defendant opened the car door, stepped out, and began to fire a .357 magnum revolver at the apparently unarmed Reed. Reed turned and began to run. Shortly thereafter, Reed fell to the ground after suffering gunshot wounds through the arm into his chest and wounds in his back. Reed died in surgery.
DISCUSSION

Sufficiency of Evidence

By his first assignment of error, the defendant argues that the trial court erred in denying his post verdict judgment of acquittal because there was | ^insufficient evidence to support a verdict of second degree murder. Instead, the defendant contends that the facts support a verdict of manslaughter.
The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984); State v. Morris, 521 So.2d 1214 (La.App. 2 Cir.1988), unit denied, 530 So.2d 80 (La.1988). The Jackson standard, however, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/04/96), 680 So.2d 1165. The appellate court does not assess credibility or re-weigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient to support the requisite factual finding. State v. Gradick, 29,231 (La.App. 2 Cir. 01/22/97), 687 So.2d 1071; State v. Braswell, 605 So.2d 702 (La.App. 2 Cir.1992).
According to La. R.S. 14:30.1(A)(1), second degree murder is defined as follows:
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm.
According to La. R.S. 14:31(A)(1), manslaughter is defined as follows:
A. Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a Lhomicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed.
*617 To support a conviction of second degree murder, the state must show that the defendant had specific intent to kill or inflict great bodily harm. State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the proscribed criminal consequences to follow his act or his failure to act. La. R.S. 14:10(1); State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990), reh’g denied, 495 U.S. 966, 110 S.Ct. 2579, 109 L.Ed.2d 761 (1990). This court’s authority to review questions of fact in a criminal case is limited to the “sufficiency of the evidence” evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2 Cir.1984).
The Louisiana Supreme Court, in State v. Lombard, 486 So.2d 106 (La.1986), discussed manslaughter as follows, at pages 110 and 111:
Manslaughter is a homicide which would be either first or second degree murder, but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. La. R.S. 14:31(1). Thus, the presence of “sudden passion” or “heat of blood” distinguishes manslaughter from murder. The coupt has stated on several occasions, however, that “sudden passion” and “heat of blood” are not elements of the offense of. manslaughter; rather, they are mitigatory factors in the nature of a defense which exhibit a degree of culpability less than that present when the homicide is committed without them. State v. Tompkins, 403 So.2d 644 (La.1981); State v. Temple, 394 So.2d 259 (La.1981); State v. Peterson, 290 So.2d 307 (La.1974). Since they are mitigatory factors, a defendant who establishes by a preponderance of the evidence that he acted in a “sudden passion” or “heat of blood” is entitled to a manslaughter verdict. ■ Where such proof has been introduced, a second degree murder verdict is inappropriate.
'|4The evidence is undisputed that the defendant shot Reed. Thus, the issue before this court is whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the mitigatory factors were not established by a preponderance of the evidence. State v. Bryan, 454 So.2d 1297 (La.App. 3 Cir.1984), writ denied, 458 So.2d 128 (La.1984).
The jury’s determination, either that the defendant did not act in the heat of blood or sudden passion, or that the defendant’s blood had cooled, or that an average person’s blood would have cooled, is clearly supported by the evidence. Although both of the parties may have consumed some alcohol during the evening, there is no evidence that either was so drunk that it would have had an impact on them at the time- of the confrontation. The evidence does not show that the defendant and Reed ever exchanged any words other than the possible utterance of the phrase “Blood” or “What’s up Blood?” that may have been said by Reed to the defendant immediately prior to the shooting.
The defendant was armed and in a car with his friend and brother. Reed was alone on a bicycle and was unarmed. The defendant shot at Reed four or five times, even as Reed was running away from the car and falling on the ground. This evidence, viewed in the light most favorable to the prosecution, indicates that the defendant shot Reed several times at close range with a .357 revolver, using sufficient force to cause death. Although intent is a question of fact, it need not be proven as a fact and may be inferred from the circumstances. State v. Guice, 26,440 (La.App. 2 *618 Cir. 10/26/94), 645 So.2d 1193, writ denied, 94-3122 (La.06/30/95), 657 So.2d 1022; State v. Kennington, 515 So.2d 521 (La.App. 1 Cir.1987). Viewed in the light most favorable to the prosecution, this evidence is sufficient to prove beyond a reasonable doubt that the defendant killed Donald Reed while possessing the specific intent to kill or inflict great bodily harm. The | Kevidence presented does not establish the mitigatory factors required to support a verdict of manslaughter. Thq jury assessed the credibility of the witnesses, the veracity of their testimony, and returned a verdict rationally related to the evidence presented. Defendant’s assignments challenging the sufficiency of the evidence are thus without merit.

Admissibility of Evidence

In his next assignment of error, the defendant argues that the trial court erred in allowing the admission of State’s Exhibit S-9, a photograph taken on the night of the shooting of the place where the body had been lying, because such evidence was unduly prejudicial, unnecessary, and failed to accurately depict the scene of the homicide at the time it occurred. The state responds that S-9 was necessary to illustrate the crime scene and that the officer who took the photograph testified at the trial that the photograph depicted the scene that night as he saw it.
Relevant evidence is evidence which has any tendency to make the existence of any fact that is of consequence more or less probable than it would be without the evidence. La. C.E. art. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403. The trial court’s determination regarding the relevancy of evidence is entitled to great weight and should not be overturned absent a clear abuse of discretion. State v. Burrell, 561 So.2d 692 (La.1990), cert. denied, 498 U.S. 1074, 111 S.Ct. 799, 112 L.Ed.2d 861 (1991).
Photographs are generally admissible if they illustrate any fact, shed any light upon an issue in the case, or are relevant to describe the person, thing or place depicted. State v. Washington, 30,-866 (La.App. 2 Cir. 08/19/98), 716 So.2d 936, writ denied, 98-2473 (La.01/08/99), 734 So.2d 1229; State v. Jackson, 30,473 (La.App. 2 Cir. 05/13/98), 714 So.2d 87, writ denied, 98-1778 (La.11/06/98), 727 So.2d 444. Additionally, the cumulative nature of photographic evidence does not render it inadmissible if it corroborates the testimony of witnesses on essential matters. State v. Langley, 95-1489 (La.04/14/98), 711 So.2d 651. Photographs are not admissible if they are so gruesome as to overwhelm the jurors’ reason and lead them to convict the defendant without sufficient other evidence. State v. Craig, 95-2499 (La.05/20/97), 699 So.2d 865, cert. denied, 522 U.S. 935, 118 S.Ct. 343, 139 L.Ed.2d 266 (1997); State v. Tolbert, 30,-821 (La.App. 2 Cir. 08/19/98), 716 So.2d 949, writ denied, 98-2562 (La.01/15/99), 736 So.2d 207. A trial court’s ruling in this regard will only be disturbed if the prejudicial effect of the photographs clearly outweighs the probative value. State v. Washington, supra; State v. Craig, supra.
The defendant argues that Exhibit S-9 should have been excluded pursuant to his objection because it was cumulative and prejudicial. The photograph shows the scene, as the photographer witnessed it, after the victim (Reed) had been transported to LSU-MC.
While the picture does show some blood, it is not gruesome, and its probative value, i.e., corroborating the testimony of the witnesses as to the final resting place of the victim, outweighs any prejudicial effect the photograph might have had. No one disputed the fact that there was a homicide in this matter. The defendant now simply argues that it was manslaughter rather than murder. This one photograph, in *619 addition to the autopsy photographs and the other scene photographs, may have been cumulative, but was not more prejudicial than probative. The trial judge did not abuse his discretion by allowing this scene photograph to be introduced into evidence. This assignment is without merit.

_J¿Excessive Sentence

By his final assignments of error, the defendant contends that the mandatory life sentence for second degree murder, as set forth in La. R.S. 14:30.1, is unconstitutionally excessive. The assertion that the mandatory life sentence for second degree murder is a violation of the prohibition against excessive punishment in the Louisiana Constitution has been repeatedly rejected. State v. Parker, 416 So.2d 545 (La.1982); State v. Brooks, 350 So.2d 1174 (La.1977); State v. Hereford, 518 So.2d 515 (La.App. 3 Cir.1987). Furthermore, this court recently referred to a Louisiana Supreme Court case by stating that the “Legislature’s determination of an appropriate minimum sentence should be afforded great deference by the judiciary.” State v. Carter, 32-733 (La.App. 2 Cir. 10/27/99), 746 So.2d 711, quoting State v. Johnson, 97-1906 (La.03/04/98), 709 So.2d 672. We find no merit in the defendant’s claim that his mandatory life sentence is excessive.
Finally, the defendant argues that the trial court erred when it failed to articulate the reasons for the mandatory life sentence imposed'. ' The penalty for second degree murder is a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 14:30.1 B. The trial court exercises none of the wide sentencing discretion available in other cases. Instead, the Legislature has prescribed the penalty for this crime. It would be a useless act for the judge to articulate reasons for imposing sentence when he has no choice but to impose a statutorily-mandated maximum penalty. He does not abuse his discretion by declining to do so. State v. Williams, 445 So.2d 1264 (La.App. 3 Cir.1984), writ denied, 449 So.2d 1346 (La.1984). This assignment is without merit.
| «CONCLUSION
We hereby affirm the conviction and sentence.
AFFIRMED.