FILED
COURT OF APPEALS
DIVISION II

2013 DEC 20 AM 8: 36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42793-1-II |
| Respondent, | |
| v. | |
| TROY LYNN PERKINS, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Troy Lynn Perkins appeals six community custody conditions included in his judgment and sentence after he pleaded guilty, as an accomplice, to sexual exploitation of a minor. Perkins contends that the challenged conditions are either unconstitutionally vague or unrelated to his offense. The State responds that we need not reach the merits of Perkins's appeal because the trial court erroneously imposed a determinate sentence. We agree with the State that the trial court imposed an unlawful sentence and remand for either the withdrawal of Perkins's plea or his resentencing. We also address the challenged community custody conditions because of their likely imposition on remand.

## FACTS

The State charged Perkins with sexual exploitation of a minor as an accomplice after he persuaded his girl friend to engage in sexual activity with a minor while he watched via a Yahoo! chat room "webcam." Perkins had a prior "strike" offense for first degree child rape, and he agreed to plead guilty as charged and to accept an exceptional sentence so that he could avoid trial on an amended "second strike" charge. His plea agreement stated that the indeterminate sentencing provisions in RCW 9.94A.507 applied. In its presentence investigation (PSI) report,

the Department of Corrections (DOC) recommended an exceptional sentence of 100 months as well as the community custody conditions contained in an attached Appendix F.

Perkins's statement on plea of guilty described the consequences of indeterminate sentencing under RCW 9.94A.507 but did not indicate that they applied to his offense. During the plea hearing, the State informed the trial court that the indeterminate sentencing provisions did apply to Perkins, and the trial court explained that he would receive a minimum term sentence and a maximum term of 120 months, and that he would remain under DOC supervision until the maximum term expired. The court did not refer to the role of the Indeterminate Sentence Review Board in reviewing Perkins's sentence. Despite its explanation of indeterminate sentencing, the trial court subsequently imposed the exceptional determinate sentence to which the parties agreed: 100 months of confinement and 36 months of community custody. The court left blank the provisions regarding RCW 9.94A.507 in the printed judgment and sentence.

The trial court also imposed the DOC-recommended community custody conditions from Appendix F. These conditions included the following:

> Possess/access no sexually exploitative materials (as defined by Defendant's treating therapist or CCO).
> Frequent no adult book stores, arcades, or places providing sexual entertainment.
> Possess/access no pornography, sexually explicit materials, and/or information pertaining to minors via computer (i.e. internet).
> Contact no "900" telephone numbers that offer sexually explicit material. Provide copies of phone records to CCO.
>
> . . . .
> Do not loiter or frequent places where children congregate including, but not limited to, shopping malls, schools, playgrounds, and video arcades.
> Do not hitchhike or pick up hitchhikers.

Clerk's Papers (CP) at 51. Perkins objected to these conditions as unconstitutional and unnecessary, but the trial court rejected his challenge.

After Perkins appealed the community custody conditions set forth above, the State moved to remand for resentencing or plea withdrawal and to dismiss his appeal, arguing that the trial court had imposed an unlawful determinate sentence where indeterminate sentencing was required. We denied the motion but directed the State to brief the sentencing issue in its appellate brief.

## ANALYSIS

### I.  STATE'S SENTENCING CHALLENGE

The State contends that the trial court imposed an unlawful sentence that we should vacate without addressing Perkins's community custody conditions. The State adds that it may raise this challenge under RAP 2.4 despite its failure to file a cross appeal under RAP 5.1(d).

We agree that review of this issue is warranted despite the lack of a cross appeal. *See* RAP 2.4(a) (appellate court may grant affirmative relief to respondent despite failure to file a cross appeal if demanded by the necessities of the case). "Courts have the duty and power to correct an erroneous sentence upon its discovery." *In re Pers. Restraint of Call*, 144 Wn.2d 315, 334, 28 P.3d 709 (2001); *see also In re Pers. Restraint of Moore*, 116 Wn.2d 30, 38-39, 803 P.2d 300 (1991) (court could not allow sentence to stand where it exceeded the authority vested in the trial court by the legislature). If an erroneous sentence is not corrected otherwise, DOC is authorized to seek its correction in the trial court and, if necessary, to file a post-sentence petition seeking its review. RAP 16.18. We thus turn to the substance of the State's challenge.

If an offender is subject to an indeterminate sentence under RCW 9.94A.507, the sentencing court shall impose a maximum term and a minimum term. RCW 9.94A.507(3)(a).

The maximum term shall consist of the statutory maximum sentence for the offense, and the minimum term shall be either within the statutory standard range or outside that range under RCW 9.94A.535. RCW 9.94A.507(3)(b), (c)(i). When the minimum term expires, the Indeterminate Sentence Review Board decides whether to release the defendant into community custody for the time left under the maximum term or impose a second minimum term of incarceration. *In re Postsentence Review of Hudgens*, 156 Wn. App. 411, 421-22, 233 P.3d 566 (2010); RCW 9.95.420(3)(a). Such reviews have the potential to extend imprisonment to the maximum sentence. *See State v. Brundage*, 126 Wn. App. 55, 63, 107 P.2d 742 (2005) (discussing indeterminate sentencing as previously codified under former RCW 9.94A.712).

An offender who is not a persistent offender shall be sentenced under RCW 9.94A.507 if he has a prior conviction for a "strike" offense and is convicted of any sex offense other than failure to register. RCW 9.94A.507(1)(b). Perkins's prior conviction of first degree child rape is a strike offense, and his current conviction of sexual exploitation of a minor is a sex offense. Former RCW 9.94A.030(36)(b)(i), (45)(a)(iii) (2010). Consequently, he should have been sentenced under the indeterminate sentencing provisions of RCW 9.94A.507 to a maximum term of 120 months and a minimum term determined by the trial court. The trial court instead imposed an exceptional determinate sentence of 100 months, with 36 months of community custody. *See* RCW 9.94A.030(18) (determinate sentence states with exactitude the number of months of confinement and community custody).

Perkins argues that the agreed sentence must be imposed because he pleaded guilty in exchange for the State's agreement not to sentence him as a persistent offender under the "two strikes" law. *See In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 797-98, 272 P.3d 209 (2012) (under "two strikes" option, defendant qualifies as persistent offender if convicted of at least two

4

enumerated sex offenses); RCW 9.94A.570. This argument is somewhat misleading. The State agreed that if Perkins pleaded guilty, it would not amend his charge to one that would require a life sentence as a persistent offender if a jury found him guilty. Perkins's current charge of sexual exploitation of a minor is not one of the enumerated "two strikes" offenses. Former RCW 9.94A.030(36)(b)(i), (ii). Consequently, contrary to his argument here, invalidating the determinate sentence does not automatically render him susceptible to a life sentence as a persistent offender.

Moreover, the remedy of specific performance of a plea agreement is not available where the resulting sentence is unlawful. *State v. Barber*, 170 Wn.2d 854, 873, 248 P.3d 494 (2011). Where the parties have agreed to a sentence that is contrary to law, the defendant may elect to withdraw his plea, particularly where, as here, he was not accurately informed of the direct consequences of his plea. *Barber*, 170 Wn.2d at 858, 872-74; *see Hudgens*, 156 Wn. App. at 415-17 (plea was involuntary where defendant was not fully informed of its consequences due to mistaken understanding that determinate sentencing applied). If Perkins decides to endorse his plea, however, he must be resentenced under RCW 9.94A.507.

We therefore remand with instructions to the trial court to vacate Perkins's sentence and allow him to either withdraw his plea or be resentenced under RCW 9.94A.507. Although this result does not require us to consider Perkins's challenge to the community custody conditions, we do so because of the likelihood that the same conditions will be imposed on resentencing. *See State v. Slert*, 169 Wn. App. 766, 768, 282 P.3d 101 (2012) (addressing issues that are technically moot but likely to recur on remand), *review granted on other grounds*, 176 Wn.2d 1031 (2013).

II.    COMMUNITY CUSTODY CONDITIONS

Perkins argues that six of his community custody conditions are unlawful either because they are unconstitutionally vague or because they are unrelated to the circumstances of his offense.

Community custody conditions generally will be reversed only if their imposition is manifestly unreasonable. *State v. Valencia*, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010). The imposition of an unconstitutional condition is manifestly unreasonable. *Valencia*, 169 Wn.2d at 792. An offender challenging a condition of custody does not have to overcome a presumption of constitutionality because a sentencing condition is not a law enacted by the legislature and does not have the same presumption of validity. *Valencia*, 169 Wn. at 792; *State v. Bahl*, 164 Wn.2d 739, 753, 193 P.3d 678 (2008). Nor does the challenger need to demonstrate that the condition has been enforced; a preenforcement challenge is ripe for review. *Bahl*, 164 Wn.2d at 752. With these standards in mind, we turn to Perkins's vagueness challenge.

A.    VOID FOR VAGUENESS

Perkins argues that three of the conditions imposed are unconstitutionally vague:

> Possess/access no sexually exploitive materials (as defined by Defendant's treating therapist or CCO).
> Possess/access no pornography, sexually explicit materials, and/or information pertaining to minors via computer (i.e. internet)[.]
> . . . .
> Do not loiter or frequent places where children congregate including, but not limited to, shopping malls, schools, playgrounds, and video arcades.

CP at 51.

The due process vagueness doctrine under the state and federal constitutions requires that citizens have fair warning of proscribed conduct. *Bahl*, 164 Wn.2d at 752 (citing WASH. CONST. art. I, sec. 3; U.S. CONST., amend. XIV). A sentencing condition is unconstitutionally vague if it

does not define the proscribed conduct with sufficient definiteness that ordinary people can understand what is prohibited, or if it does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Bahl*, 164 Wn.2d at 752-53. The requirement of sufficient definiteness does not demand impossible standards of specificity or absolute agreement concerning a term's meaning; some amount of imprecision in the language is allowed. *State v. Coria*, 120 Wn.2d 156, 163, 839 P.2d 890 (1992).

When conditions implicate a defendant's First Amendment rights, an added layer of protection is provided. *Bahl*, 164 Wn.2d at 757. Although a defendant's constitutional rights while serving community custody are subject to restrictions authorized by the Sentencing Reform Act, such conditions must be imposed sensitively and demand a greater degree of specificity. *Bahl*, 164 Wn.2d at 757. Perkins asserts that all of the conditions at issue implicate his First Amendment rights. *See Virginia St. Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 756, 96 S. Ct. 1817, 48 L. Ed. 2d 346 (1976) (protection afforded under First Amendment "is to the communication, to its source and to its recipients both").

Perkins argues initially that the restriction on possessing and accessing "sexually exploitive materials" is unconstitutionally vague because the quoted term is not statutorily defined. He asserts that this vagueness is underscored by the fact that the term is to be defined by his treating therapist or community corrections officer (CCO), and he points out that this same type of delegation supported a vagueness challenge in *Bahl*.

At issue in *Bahl* was a community custody condition prohibiting the defendant from possessing or accessing pornographic materials as directed by his CCO. 164 Wn.2d at 754. The court observed that the term "pornography" had never been given a precise legal definition and that many courts, including Division One of this court, had rejected sentencing conditions

7

prohibiting access to or possession of pornography as unconstitutionally vague. 164 Wn.2d at 754-56 (citing *State. v. Sansone*, 127 Wn. App. 630, 111 P.3d 1251 (2005)). The *Bahl* court agreed that the restriction on accessing or possessing pornography was constitutionally infirm, adding that the fact that the CCO could direct what fell within the condition made the vagueness problem more apparent. 164 Wn.2d at 758.

The State responds that the term "sexually exploitive materials" is not vague because of two related statutory definitions. The first provides that a person is guilty of sexual exploitation of a minor if he compels a minor by threat or force to engage in sexually explicit conduct knowing that such conduct will be photographed or part of a live performance; or if he aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance. RCW 9.68A.040(1)(a), (b). According to the State, it follows that "sexually exploitive materials" are those that feature live or photographic performances of people engaged in sexually explicit conduct, which is defined by statute as actual or simulated:

> (a) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between humans and animals;
> (b) Penetration of the vagina or rectum by any object;
> (c) Masturbation;
> (d) Sadomasochistic abuse;
> (e) Defecation or urination for the purpose of sexual stimulation of the viewer;
> (f) Depiction of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer. . . ; and
> (g) Touching of a person's clothed or unclothed genitals, pubic area, buttocks, or breast area for the purpose of sexual stimulation of the viewer.

RCW 9.68A.011(4).

When viewed together, these statutes do not require persons of ordinary intelligence to guess at what is meant by the condition prohibiting access to or possession of "sexually exploitive materials." *See City of Spokane v. Douglass*, 115 Wn.2d 171, 180, 795 P.2d 693 (1990) (where citizens may seek clarification by resorting to statements of law in statutes and court rulings, term in enactment is not unconstitutionally vague even if undefined). It would be impossible to list every type of prohibited conduct; "[s]entencing courts must inevitably use categorical terms to frame the contours of supervised release conditions." *United States v. Paul*, 274 F.3d 155, 167 (5th Cir. 2001); *see United States v. Phipps*, 319 F.3d 177, 192-93 (5th Cir. 2003) (reading condition barring possession of "sexually oriented or sexually stimulating materials" in commonsense way and rejecting vagueness challenge). While there may be areas of disagreement concerning the materials that fall within this condition, and while Perkins's therapist and CCO have some control over its scope, we hold that the reference to "sexually exploitive materials" is not so subjective as to be constitutionally suspect. *See Douglass*, 115 Wn.2d at 181 (statute supplies adequate standards unless it proscribes conduct by resort to inherently subjective terms).[1]

Perkins next contends that the prohibition on accessing "pornographic, sexually explicit materials" is unconstitutionally vague. This is the language of the condition recommended in the PSI report rather than the language of the condition imposed in the judgment and sentence. The condition in Perkins's judgment and sentence prohibits him from possessing "pornography, sexually explicit materials, and/or information pertaining to minors via computer." CP at 51. The State concedes that the reference to pornography is unconstitutionally vague under *Bahl*. As

---

[1] Reference to the statutes defining "sexually exploitive materials" in any future orders would help avoid future vagueness claims.

Perkins admits, the condition is otherwise valid under *Bahl*, which rejected a vagueness challenge to a condition restricting the defendant's access to sexually explicit material. 164 Wn.2d at 760.

Perkins's final vagueness challenge is to the condition prohibiting him from loitering in or frequenting places where children congregate, including shopping malls, schools, playgrounds, and video arcades. Perkins complains that the reference to "shopping malls" is unconstitutionally vague. Our Supreme Court has held that it is proper for a court to order a sex offender not to frequent places where minors are known to congregate. *State v. Riles*, 135 Wn.2d 326, 347-49, 957 P.2d 655 (1998), *abrogated on other grounds*, *State v. Valencia*, 169 Wn.2d 782, 239 P.3d 1059 (2010); *see also Paul*, 274 F.3d at 166-67 (affirming condition prohibiting defendant from visiting locations "frequented by minors"). The fact that the trial court here chose to give specific examples of such places does not render this condition unconstitutionally vague. The case Perkins cites to assert that the term "shopping mall" carries many meanings is unpersuasive; the fact that the term "shopping center" is vague does not mean that "shopping mall" is vague as well. *See In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1087 (3d Cir. 1990) (interpreting reference to "shopping center" in federal bankruptcy code). We reject Perkins's vagueness challenge.

B. CRIME-RELATED PROHIBITIONS

At issue here are the community custody conditions prohibiting Perkins from hitchhiking or picking up hitchhikers, contacting "900" telephone numbers that offer sexually explicit material, and frequenting adult bookstores, arcades, or places providing sexual entertainment.

RCW 9.94A.505(8) authorizes the trial court to impose "crime-related prohibitions" as a condition of sentence. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 229 P.3d 686

10

(2010). Crime-related prohibitions allow the sentencing court to prohibit conduct that relates directly to the circumstances of the crime for which the offender has been convicted. *State v. Berg*, 147 Wn. App. 923, 942, 198 P.3d 529 (2008), *abrogated on other grounds*, *State v. Mutch*, 171 Wn.2d 646, 265 P.3d 803 (2011). No causal link need be established between the conditions imposed and the crime committed as long as the condition relates to the circumstances of the crime. *State v. Llamas-Villa*, 67 Wn. App. 448, 456, 836 P.2d 239 (1992).

The State concedes that the condition addressing hitchhiking is not crime related. The State defends the restrictions on calling "900" telephone numbers and frequenting adult bookstores, arcades, or places providing sexual entertainment, however, as valid crime-related prohibitions. Perkins's crime occurred when he persuaded a woman, during contact on a sexually-oriented website, to have a sexual encounter with a minor. The State contends that limiting the possibility of similar future contact is reasonably related to the circumstances of his crime. According to the State, adult bookstores and 900 numbers are not so different from an adult website that they are not related to the circumstances of Perkins's crime.

Perkins argues that 900 numbers and adult bookstores are legal and licensed businesses, but the Yahoo! website was legal and licensed as well. Prohibiting him from seeking sexual entertainment by calling 900 numbers or visiting places that provide such entertainment is not unrelated to the circumstances of his offense. We uphold the conditions at issue as valid crime-related prohibitions.

We remand for vacation of Perkins's sentence and for either the withdrawal of his plea or his resentencing under RCW 9.94A.507. Upon resentencing, the trial court shall not reimpose the community custody conditions barring Perkins from possessing or accessing pornography and from hitchhiking or picking up hitchhikers.

11

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Maxa, J.

Spearman, J.