# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) ) ) | No. 72332-4-I |
| v. | ) ) | |
| RICKY LEE LEWIS, | ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: January 19, 2016 |

DWYER, J. — Ricky Lewis challenges the sentence imposed following his guilty plea to assault in the second degree and two counts of unlawful imprisonment, asserting that the trial court miscalculated his offender score. Because Lewis waived the right to challenge his offender score when he stipulated to the factual basis of his criminal history, we affirm.

I

The State charged Lewis with indecent liberties, unlawful imprisonment with sexual motivation, and two counts of assault in the second degree with sexual motivation arising from two separate incidents in which Lewis assaulted women and forced them to engage in sexual intercourse. Lewis pled guilty to one of the assault charges and two counts of unlawful imprisonment in exchange for the State's agreement to dismiss another felony case and to not file additional charges related to another victim. In his statement of defendant on plea of guilty,

Lewis expressly agreed that the prosecutor's statement of his criminal history was correct and complete, and stipulated to an offender score of 9. The trial court imposed a standard range sentence. Lewis appeals.

II

For the first time on appeal, Lewis argues that the trial court miscalculated his offender score by erroneously counting a juvenile conviction as an adult conviction. Appendix B to Lewis's plea agreement lists the adult felony convictions included in Lewis's offender score, including a Georgia conviction for "theft by taking – auto theft" committed on February 9, 1976. Lewis's date of birth is March 10, 1958. Lewis contends that because he was under the age of 18 at the time of the offense, the conviction must be scored as a juvenile conviction and assigned one-half point instead of one point.

A criminal defendant's standard sentence range is based upon the seriousness of the offense and the defendant's offender score. RCW 9.94A.530(1). RCW 9.94A.525 governs the calculation of an offender score. If the present conviction is for a violent offense, such as assault in the second degree, each prior adult nonviolent felony conviction counts one point and each prior juvenile nonviolent felony conviction counts one-half point. RCW 9.94A.525(8). We review a trial court's offender score calculation de novo. State v. Mutch, 171 Wn.2d 646, 653, 254 P.3d 803 (2011).

If miscalculation of the offender score involves a legal error, a defendant may challenge his or her offender score for the first time on appeal because such a sentence lacks statutory authority. State v. Wilson, 170 Wn.2d 682, 688-89,

244 P.3d 950 (2010). However, if a defendant stipulates to the facts underlying a sentence, he or she waives any challenge based on those facts. In re Personal Restraint of Goodwin, 146 Wn.2d 861, 874, 50 P.3d 618 (2002). Waiver is found when, "[a]ssuming the stipulated fact, the sentence the defendant received was authorized and constitutional." Goodwin, 146 Wn.2d at 875 (alteration in original) (quoting In re Personal Restraint of Moore, 116 Wn.2d 30, 38, 803 P.2d 300 (1991)).

Here, Lewis expressly agreed with the State's calculation of his criminal history and resulting offender score, including the fact that the 1976 conviction was an adult felony conviction. Whether Lewis was convicted as an adult or a juvenile is a factual question, not a legal one. Consequently, Lewis has waived the right to raise this issue for the first time on appeal.

Goodwin and Wilson, to which Lewis cites, are inapposite. In Goodwin, the defendant pled guilty and stipulated to an offender score containing juvenile convictions that could not be considered pursuant to a former version of RCW 9.94A.030(12)(b), which provided that such convictions "washed out" once the defendant turned 23. In Wilson, the defendant stipulated to a prior conviction for attempted possession of methamphetamine, which the trial court incorrectly scored as a felony instead of a gross misdemeanor. These cases both involved challenges to legal errors. They do not control here.

III

Lewis raises several claims in a statement of additional grounds. None are availing. Lewis contends that trial counsel was ineffective for failing to file

-3-

motions, adequately analyze the strength of the State's case, obtain a reasonable bail, or secure him a more generous plea offer. He also argues that the prosecutor committed misconduct by failing to make the victims available for interviews in a timely fashion. These allegations rest on matters outside the record and therefore cannot be raised on direct appeal. See State v. McFarland, 127 Wn.2d 322, 337-38, 899 P.2d 1251 (1995). Finally, Lewis contends that a 1988 VUCSA conviction was improperly included in his offender score. He appears to argue that the inclusion of this conviction is somehow inequitable because it added 20 months to his standard range, which far exceeded the sentence on the original conviction. Lewis fails to articulate how this constitutes legal error entitling him to relief, and we do not consider this claim further. See RAP 10.10(c) (appellate court will not consider statement of additional grounds for review unless it adequately informs the court of the nature and occurrence of alleged errors).

Affirmed.

We concur: