MOORE, J.
 

 |! Ronald Engle appeals his sentence of five years at hard labor for one count of possession of marijuana with the intent to distribute. We affirm.
 

 At Engle’s
 
 Boykin
 
 hearing, the prosecutor stated that on September 30, 2007,
 
 *574
 
 Webster Parish Deputy Joe Morgan was investigating various offenses and found Engle in possession of a green leafy substance which was later determined to be marijuana, a Schedule I CDS. The presen-tence investigation report (“PSI”) illuminated that a plastic bag recovered from the scene contained .85 grams (slightly over one ounce) of marijuana and that the Ford truck in which Engle was a passenger was carrying the raw materials for a meth lab, a small quantity of meth, scales and syringes, and assorted narcotics. The state charged him with possession of marijuana with the intent to distribute, La. R.S. 40:966 A(l), and various other offenses.
 
 [1]
 

 In December 2007, Engle pled guilty as charged to one count of possession of marijuana with the intent to distribute with a sentence subject to the district court’s review of the PSI. In exchange, the state agreed to dismiss all other charges.
 

 At sentencing on February 25, 2008, the court noted that Engle had a 1997 felony conviction in Webster Parish for attempting to possess CDS in a penal institution, for which a bench warrant was issued for failure to appear, and several prior misdemeanors, including a 2003 conviction in Tennessee for failure to appear on a misdemeanor warrant. The court felt this history made him unsuitable for probation. The court also | ¡.acknowledged Engle’s professed intent to care for his 80-year-old grandfather. Citing the sentencing factors of La. C. Cr. P. art. 894.1, the court sentenced him to five years at hard labor, the minimum under R.S. 40:966 B(3). Engle filed a motion to reconsider, which the court denied.
 

 Engle now appeals, urging by one assignment of error that the court erred in finding him not a proper candidate for a probated sentence. Even though he received the minimum sentence, he argues that he is the type of offender envisioned by the legislature when it enacted 2001 Acts No. 403, which reduced the penalties for various drug offenses and removed the prior restriction against suspended sentences for first and second convictions of certain drug offenses punishable by more than five years. He contends that Act 403 showed the “legislature’s recognition that many people convicted of drug crimes needed treatment rather than long, often nonsensical periods of incarceration.” In support, he shows that his previous felony was over 10 years old; he also submits that the PSI is sketchy on the details of his prior offenses, he had only one prior charge of failure to appear, and five years’ imprisonment would cause great hardship by preventing him from helping his elderly grandfather. He prays for a probated sentence with special conditions of probation such as drug screening and treatment.
 

 The state responds that the court has broad discretion to sentence within the statutory limits and that with Engle’s criminal history and the benefit from his plea bargain, the five-year statutory minimum was no abuse of that discretion.
 

 | ¡¡Because Engle’s motion to reconsider urged merely that the sentence was excessive, he is now “simply relegated to having the appellate court consider the bare claim of excessiveness.”
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993);
 
 State v. Lofton,
 
 41,-423 (La.App. 2 Cir. 9/27/06), 940 So.2d 702,
 
 writ denied,
 
 2006-2952 (La.9/28/07), 964 So.2d 359. A punishment is constitutionally excessive under La. Const. Art. 1, § 20, if it makes no measurable contribution to
 
 *575
 
 acceptable penal goals, is nothing more than a purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379.
 

 The penalty provision for possession of marijuana with the intent to distribute is a sentence of five to 30 years at hard labor and a fine of not more than $50,000. La. R.S. 40:966 B(3). Engle’s sentence is obviously at the statutory minimum. However, the district court had the discretion to suspend all or part of his sentence and place him on probation. La. C. Cr. P. art. 893 A.
 

 On close review, we find no abuse of the court’s discretion. Contrary to Engle’s argument, the PSI shows two prior incidents of failure to appear, dating from 1997 in Webster Parish and 2003 in Tennessee, which would appear to make him a probationary risk. His four prior arrests on various drug charges, including one just four months before the instant offense, underscore the need for correctional treatment in a custodial environment. Finally, he received a significant benefit from the state’s agreement to ^dismiss several other drug-related charges. The instant offense is not out of proportion to Engle and his conduct, does not shock our sense of justice, and appears to serve legitimate penal objectives. We perceive no error.
 

 We have reviewed the entire record and find nothing we deem to be error patent. La. C. Cr. P. art. 920(2).
 

 For these reasons, Engle’s conviction and sentence are affirmed.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . Operation of a meth lab, possession of a Schedule IV CDS, possession of drug paraphernalia, destruction of contraband and another count of possession of marijuana with the intent to distribute.