DREW, J.
|, Jarvis Jones entered pleas of guilty to unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4, and to one count of aggravated battery, a violation of La. R.S. 14:34. He was sentenced to 10 years at hard labor on each count, with the sentences to be served consecutively. No motion for reconsideration of sentence was filed.
*501 The defendant appeals. We affirm, in all respects.
FACTS
On July 16, 2010, in Bossier Parish, the defendant took a car belonging to another person, without permission. The owner reported a stolen vehicle.
Two days later, a Bossier Parish sheriffs deputy spotted the defendant driving the subject vehicle, and a chase ensued.
Deputy Richard Atkins placed his patrol car in the path of the speeding car, in an effort to stop the vehicle. Instead of stopping, the defendant accelerated and rammed the patrol car occupied by the deputy. Continuing his mayhem, the defendant crashed into the patrol car of Officer Jonathan Pounder of the Haughton Police Department. Both police vehicles were badly damaged. The defendant tried to escape on foot, but was caught.
Initially, there were three charges against the defendant:
• one count of theft of a motor vehicle, a violation of La. R.S. 14:67; and
• two counts of attempted first degree murder of a peace officer, violations of La. R.S. 14:30(A)(2) and 14:27(D)(l)(a).
The defendant entered into a plea agreement whereby he pled guilty to one count of unauthorized use of a motor vehicle, La. R.S. 14:68.4, and | gone count of aggravated battery, La. R.S. 14:34. In exchange, the state dismissed the charge of theft and two counts of attempted first degree murder of a peace officer. There was no agreement as to sentence.
The trial court:
• informed the defendant of his rights under Boykin v. Alabama;[1]
• explained to him the potential penalties he was facing; and
• accepted the guilty pleas, ordering a presentence investigation (PSI).
At sentencing, the trial court ably and thoroughly reviewed the PSI report, noting that the defendant:
• had an extensive criminal history, though only 24 years old;
• had a juvenile record, not detailed in the PSI;
• was classified as a fourth felony offender;
• was convicted in 2003 of possession of marijuana;
• violated his probation immediately;
• was convicted in 2004 of simple burglary, and again placed on probation, with that probation being revoked 18 months later;
• was convicted in 2005 of aggravated burglary, yet again being placed on probation, with that probation being revoked 13 months later;
• was convicted in late 2005 of misdemeanor hit and run and no driver’s license, resulting in 32 days of jail time;
• was convicted in 2006 of attempted sexual battery, for which he was sentenced to a midrange 3/6 years at hard labor;
• was convicted in 2009 of simple battery;
• pled guilty in 2010 to felony illegal possession of stolen things, being sentenced to two years at hard labor;
• was paroled for this felony in May of 2010;
|3* committed the crimes we are reviewing in these appeals later in 2010;
• has two sisters and one half-sister;
• completed the 10th grade at Haughton High School;[2]
*502 • worked for three years as a hot walker at Louisiana Downs;
• admitted starting usage of marijuana at age 16; and
• admitted to drinking alcohol every day.
The judge thoroughly reviewed the sentencing guidelines in La. C. Cr. P. art. 894.1, making these findings:
• that the defendant was in need of correctional treatment that could most effectively be provided in an institution;
• that a lesser sentence would deprecate the seriousness of his crimes;
• that he had knowingly created a risk of death or great bodily harm to more than one person; and
• that this criminal conduct was likely to recur.
The trial court sentenced the defendant to 10 years at hard labor on each crime, ordering the sentences to be served consecutively.
We consolidated these matters for briefing, docketing and disposition.
DISCUSSION

Ineffectiveness of Counsel

The defendant complains that his attorney provided ineffective assistance of counsel by failing to:
• file a motion for reconsideration of his sentence as provided for under La. C. Cr. P. art. 881.1; and
• object to the severity of the sentence.
LBecause of these omissions, the defendant points out that he is now deprived of his right to object to the severity of the sentence, being limited to a mere review of his sentence for constitutional excessiveness.
The state responds that a failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A basis for ineffectiveness can only be found if the defendant can show a reasonable probability that, but for his counsel’s error, his sentence would have been different. The state claims that in this case, the trial judge imposed a fair sentence, and that even if a motion for reconsideration had been filed by defense counsel, the result would not have changed.
A claim of ineffective assistance of counsel is often not urged upon appeal. Instead, it is often raised in the trial court through the means of an application for post-conviction relief (“PCR”). This defendant claims, however, that the ineffectiveness of counsel during the sentencing phase of the proceedings is not cognizable on collateral review pursuant to La. C. Cr. P. art. 930.3. State v. Thomas, 2008-2912 (La.10/16/09), 19 So.3d 466.
Accordingly, we will review the merits of the defendant’s claims.
Our law on reviewing ineffective assistance of counsel is well settled.[3]
*503 | .^Considering what trial counsel had to work with, and the exposure to more than a century of prison time, this defendant got the deal of the century. To urge ineffectiveness is somewhat stunning.
Nowhere does the defendant demonstrate what prejudice he suffered on account of counsel’s failure to file a motion to reconsider sentence. He has not shown a reasonable probability that but for counsel’s error, his sentence would have been different. He has clearly failed under the second prong of the Strickland, supra, test. This assignment of error is merit-less.

Unconstitutional Harshness of Sentence

The defendant argues that these sentences:
• are unconstitutionally harsh and excessive because the trial judge imposed the maximum term for each crime;
h* were ordered to be served consecutively, making his punishment grossly out of proportion to his criminal acts, being nothing more than a needless and purposeless imposition of pain and suffering;
• should only be assessed against the worst type of offender, a status he holds is inapplicable to him; and
• should not be administered against a person in his situation.[4]
The defendant requests that his sentence be set aside and the matter remanded for resentencing.
The state, unsurprisingly, disagrees, taking the position that:
• the sentences are entirely appropriate and not an abuse of discretion;
• the trial court carefully reviewed the PSI report; and
• the sentences are not out of proportion to the crimes committed, and in fact, by taking the plea bargain agreement, *504 the defendant greatly decreased the number of years of imprisonment to which he would have been exposed had the matter gone to trial.
The two crimes of conviction contain the following elements:
• La. R.S. 14:68.4, Unauthorized use of a motor vehicle
A. Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently.
B. Whoever commits the crime of unauthorized use of a motor vehicle shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years or both.
• La. R.S. 14:34, Aggravated battery
Aggravated battery is a battery committed with a dangerous weapon.
Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.
|7Our law on review of sentences for excessiveness is well settled.[5]
In this case, the trial judge clearly tailored the sentence to fit this particularly incorrigible defendant. The sentences imposed were within the statutorily mandated range. The defendant received the benefit of entering into the plea bargain agreement, thereby radically limiting his exposure for prison time. This fact supports the court’s choice of the maximum sentences. State v. Lewis, 2009-1404 (La.10/22/10), 48 So.3d 1073; State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792.
Considering the horrendous track record of this young career criminal, the sentences imposed are not disproportionate to the crimes committed or the harm done to society, and they do not shock the sense of justice. These actions put at least two law officers at risk of terrible injuries or even *505 death. The trial court did not abuse its discretion in imposing these [smaximum and consecutive sentences. This assignment of error is also without merit.
DECREE
The defendant’s convictions and sentences are AFFIRMED.

. The defendant says that he quit school because he was in and out of jail so much.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The relevant inquiry is whether counsel’s representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal *503 cases. Strickland, supra. The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel’s judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Grant, 41,745 (La.App.2d Cir.4/4/07), 954 So.2d 823, writ denied, 2007-1193 (La. 12/7/07), 969 So.2d 629; State v. Moore, 575 So.2d 928 (La.App. 2d Cir.1991). Also, State v. Tilmon, 38,003 (La.App.2d Cir.4/14/04), 870 So.2d 607, writ denied, 2004-2011 (La. 12/17/04), 888 So.2d 866.
Second, the defendant must show that counsel’s deficient performance prejudiced his defense. This element requires a showing the errors were so serious as to deprive the defendant of a fair trial, i.e., a trial whose result is reliable. Strickland, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland, supra; State v. Pratt, 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174, writ denied, 95-1398 (La. 11/3/95), 662 So.2d 9. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusory charges will not suffice. Strickland, supra; State v. Jordan, 35,643 (La.App.2d Cir.4/3/02), 813 So.2d 1123, writ denied, 2002-1570 (La.5/30/03), 845 So.2d 1067.
The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A basis for ineffective assistance of counsel may be found only if a defendant can show a reasonable probability that but for counsel’s error, his sentence would have been different. State v. Hongo, 96-2060 (La.12/2/97), 706 So.2d 419; State v. Louis, 32,347 (La.App.2d Cir.10/27/99), 744 So.2d 694.

. The defendant avers that he is young, uneducated, and in need of substance abuse treatment. He further stresses that the crimes with which he was charged were essentially part of one transaction in that the events occurred over the course of two days.

. When the defendant fails to file a motion to reconsider sentence, he is precluded from arguing noncompliance with La. C. Cr. P. art. 894.1 on appeal and is relegated to the bare claim of constitutional excessiveness. La. C. Cr. P. art. 881.1 E; State v. Mims, 93-0808 (La.6/18/93), 619 So.2d 1059; State v. Montgomery, 42,432 (La.App.2d Cir.9/19/07), 966 So.2d 127. Jones filed no motion to reconsider and hence cannot argue any deficiencies in the factual basis for the sentence, but we would note parenthetically that the court carefully discussed the evidence bearing on sentence and fully complied with Art. 894.1.
A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir. 4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App. 3d Cir. 6/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.