MOORE, J.
|]Derunn Henderson appeals his adjudication as a third felony offender and his enhanced sentences of 25 years at hard labor, without benefits, on two counts of distribution of cocaine. We affirm.
In March 2010, a jury found Henderson guilty on two counts of distribution of cocaine. The court initially sentenced him to consecutive 15-year terms at hard labor. In May 2010, the state charged him as a third felony offender, citing: (1) a May 2004 guilty plea, in Bienville Parish, to possession of a Schedule II CDS, and (2) a February 2000 guilty plea, in Harris County, Texas, to possession of a Schedule II CDS. Henderson pled not guilty, and the matter proceeded to trial in April 2012.
At trial, the state introduced a February 8, 2000, order from the district court in Harris County, Texas, appointing counsel for Henderson, and a judgment on plea of guilty/waiver of trial form for possession of cocaine, signed by Henderson, his attorney and the presiding judge, and including Henderson’s right thumbprint.[1] The state also introduced a certified copy of the bill of information, including Henderson’s right thumbprint, and minutes of court from Bienville Parish reciting that Henderson was “advised of his rights” before pleading guilty to one count of possession of cocaine and one count of possession of methamphetamine. The state called Detective Tommy Kemp Jr., an expert in fingerprint comparison, who testified that the thumbprints on these documents matched exemplars taken from Henderson. Finally, the state called Ken Pickett, a probation and parole officer, who confirmed that *639 Henderson was the same person who pled guilty in Bienville Parish in 2004. Henderson goffered no evidence, but asked for a delay to review the state’s documents. After a short recess, the court adjudicated him a third felony offender, vacated the 15-year sentences and imposed consecutive 25-year sentences at hard labor without benefit of probation, parole or suspension of sentence. The court also denied two timely motions to reconsider sentence.
Henderson now appeals, raising two assignments of error. First he urges the district court erred in adjudicating him a third felony offender. He contends no transcripts were provided for either predicate felony and the records from Harris County lack any indication that he was represented by counsel at the time of his guilty plea.
To obtain a multiple offender adjudication against a defendant under La. R.S. 15:529.1, the state need prove only the fact of conviction and that he was represented by counsel (or waived counsel) at the time he entered his plea. State v. Zachary, 2001-3191 (La.10/25/02), 829 So.2d 405. Thereafter, the defendant bears the burden of proving a significant procedural defect in the proceedings. State v. Shelton, 92-8070 (La.7/1/93), 621 So.2d 769. If he meets this burden, the state then must prove the constitutionality of the predicate plea by producing a “perfect” transcript; anything less than a “perfect” transcript requires the court to make a factual determination whether the predicate plea was free and voluntary, and made with a specific waiver of Boykin rights. Id.
However, the mere fact that the defendant denies the multiple offender bill, or objects to evidence of a predicate conviction, does not amount to “proving a significant procedural defect in the proceedings.” This court has | ^repeatedly approved the use of evidence such as the court minutes and signed judgment introduced in this case to satisfy the state’s initial burden, and that a conclusory argument that there was no “perfect” transcript did not defeat the state’s showing. State v. Bobo, 46,225 (La.App. 2 Cir. 6/8/11), 77 So.3d 1, writ denied, 2011-1524 (La.12/16/11), 76 So.2d 1202; State v. Calhoun, 42,896 (La.App. 2 Cir. 1/16/08), 974 So.2d 805, writ denied, 2008-0579 (La.11/26/08), 997 So.2d 544; State v. O’Neal, 34,814 (La.App. 2 Cir. 10/12/01), 795 So.2d 1292, writ denied, 2001-3207 (La.11/1/02), 828 So.2d 564. The packet from Harris County, Texas, includes an order appointing counsel, a list of admonishments and a judgment signed by Henderson and his counsel. This refutes the claim that the state failed to prove he had representation for that guilty plea.
The record shows that counsel objected to the introduction of evidence of Henderson’s predicate convictions, but candidly admitted that she did so only to “preserve the record.” She alleged no irregularity in the prior proceedings and offered no evidence showing a potential violation of Henderson’s constitutional rights. This was insufficient to shift the burden to the state to produce a “perfect” record of the Boykin hearings. State v. Bobo, supra, and citations therein. This assignment lacks merit.
By his second assignment, Henderson urges the court erred in imposing excessive sentences. He argues that the original 15-year sentences were adequate punishment for the crimes, and nothing in the habitual offender proceeding altered that. He also argues the court failed to state which sentencing factors, if any, were considered in “personalizing” the sentence, as Required by La. C. Cr. P. art. 894.1. He concedes that he has a “problem” with *640 addiction, and submits that his prior felonies were for nonviolent simple possession of cocaine.
Appellate review of sentences for excessiveness is normally a two-pronged analysis, the first being a review for compliance with Art. 894.1. However, when the defendant’s motion to reconsider urges merely that the sentence is excessive, he is then “simply relegated to having the appellate court consider the bare claim of excessiveness.” State v. Mims, 93-0808 (La.6/18/93), 619 So.2d 1059; State v. Engle, 43,812 (La.App. 2 Cir. 1/14/09), 2 So.3d 573. A punishment is constitutionally excessive under La. Const. Art. 1, § 20, if it makes no measurable contribution to acceptable penal goals, is nothing more than a purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Engle, supra. The sentencing court has wide discretion to impose sentences within the statutory limits, and such a sentence will not be set aside as excessive absent a manifest abuse of discretion. State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330; State v. Jones, 46,712 (La.App. 2 Cir. 11/2/11), 80 So.3d 500, writ denied, 2012-0016 (La.8/22/12), 97 So.3d 356.
The penalty for distribution of cocaine is a sentence of 2 to 30 years at hard labor, the first two without benefit of parole, probation or suspension of sentence, and a fine of up to $50,000. La. R.S. 40:967 B(4)(b). Upon adjudication as a third felony, the offense carries a sentence of 20 to 60 years at hard labor without benefit of probation or suspension of sentence. La. R.S. 15:529.1 A(3)(a). Though long, the sentences imposed are at the lower end of this range.
On appeal, Henderson does not contest any of the district court’s findings as to his criminal history.[2] This court would note that the instant offense was actually Henderson’s fourth felony, as he pled guilty to two charges of possession of controlled dangerous substances in Bienville Parish in 2004, in addition to the possession of cocaine charge in Harris County. Prior probationary treatment failed to deter him from drug-related activity, and apparently his involvement has escalated from simple possession to distribution. While the instant sentences totaling 50 years are tantamount to life for the 37-year-old Henderson, we cannot say from this record that the district court abused its wide discretion or that the sentences offend the constitution. This assignment of error lacks merit.
We have reviewed the entire record and found nothing we consider to be error patent. La. C. Cr. P. art. 920(2).
For the reasons expressed, the convictions, adjudications and sentences are affirmed.
AFFIRMED.

. In the Harris County records, Henderson’s first name is spelled "Derouen” but all documents are signed by him as “Derunn” or "De’Runn.”

. The district court referred to a presentence investigation report but this document was not included in the appellate record.